## Coatesville & Downingtown Street Railway Company, Appellant, *v.* West Chester Railway Company.

*Equity Practice—Cause of action—Joint bill.*

It is irregular practice in equity to join in a bill filed by several parties causes of action which are not the same, or which are not founded on any joint right.

*Street railways—Extensions—Location—Exemplification—Acts of May 14, 1889, P. L. 211, and June 7, 1901, P. L. 514.*

The filing by a street railway in the office of the secretary of the commonwealth of an exemplification of the record of the adoption of an extension, is a condition precedent to the construction of the extension.

*Street railways — Location — Extensions — Rival companies — Acts of May 14, 1889, and June 7, 1901.*

Where a street railway company incorporated subsequently to the act

of June 7, 1901, has promptly applied for the consent of the local authorities, it cannot be disturbed in the exclusive privilege of the highways named in its charter, for the period of two years allowed for construction; and it has a standing in equity to enjoin a company incorporated prior to the act of June 7, 1901, from building extensions on such streets during the running of the two years.

*Not decided,* whether the two years' period in which to procure municipal consent, allowed by the act of June 7, 1901, will be shortened or terminated by a positive act of refusal on the part of the municipality, or whether the full period may still be available for an opportunity to overcome objections.

*Not decided,* whether a street railway company may build a substantial portion of its route over a private right of way, not on any street or highway.

Argued Jan. 15, 1903.   Appeal, No. 199, Jan. T., 1902, from decree of C. P., No. 5, Phila. Co., March T., 1902, No. 4342, dissolving injunction in case of Coatesville & Downingtown Street Railway Company, Coatesville and Western Street Railway Company and West Chester & Southern Street Railway Company v. West Chester Street Railway Company et al.   Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ.   Reversed.

Bill in equity for an injunction.   Before RALSTON, J.

The complainants averred that they were duly incorporated under the laws of the state of Pennsylvania, on the 10th and 12th days of June, 1901, under the acts of assembly pertaining to street railway companies, approved on May 14, 1889, and its supplement of June 7, 1901, and that one of the defendant companies, to wit: the West Chester Street Railway Company, was incorporated on August 4, 1890, under the same general street passenger railway act.

That on or about May 1, 1902, the said defendant pretended to adopt an alleged extension to its original route.   That the said alleged extension was duly recorded in the office for the recording of deeds in and for the county of Chester, and that an exemplification of the said record was offered to the secretary of the commonwealth and was not accepted by that officer. That a large portion of the said alleged extension covers a portion of the routes of each one of the complainants and that the said alleged extension was not for the purpose of completing a

circuit upon its road or for the purpose of connecting its road with a portion of its own road or with the road of some other passenger railway, but is simply an extension or prolongation of its route, and was for many miles over private right of way without touching any highway, street or bridge, and that the said extension is a confiscation of the roads, franchises and properties of the complainants, without due process of law and is contrary to the provision of the constitution of the commonwealth of Pennsylvania and that the said adoption of the said alleged extension and the said building and construction is unlawful and not authorized by law and is against the statutory policy of the commonwealth and the provisions of the constitution and against public policy and any filing of any exemplification from the recorder of deeds is unlawful and that if the proposed construction, maintenance and operation over the routes set forth in the said extension be permitted, it would be a continuing trespass and an illegal annoyance to the irreparable injury of the complainants, from which they would have no adequate remedy at law.

The complainants prayed the court, under the provisions of the act of assembly approved June 19, 1871, entitled, " An act relating to legal proceedings by or against corporations," to declare the attempt of the said West Chester Street Railway Company to adopt, build and construct over the alleged extension illegal, against public policy and against the statutory laws of the commonwealth and the provisions of the constitution, and asked for a preliminary injunction restraining the said defendant from filing any exemplification in the office of the secretary of the commonwealth or from seeking any permission from local authorities to build and operate over said extension or from doing any work of any name or nature in connection with the said extension.

The court granted a preliminary injunction, which its subsequently dissolved.

*Error assigned* was decree dissolving the injunction.

*John G. Johnson*, with him *George Quintard Horwitz*, for appellant.—A company filing extensions has not the authority from the commonwealth to build until thirty days after these

extensions are filed: Homestead Street Railway Company v. Pittsburg, etc., Electric St. Ry. Co., 166 Pa. 162.

The alleged extension confiscates the routes already adopted by the appellants: Homestead Street Railway Company v. Pittsburg, etc., Electric Street Railway Company, 166 Pa. 162; Commonwealth v. Uwchlan Street Railway Company, 203 Pa. 608; Philadelphia, etc. Street Railway Company's Petition, 203 Pa. 355.

The extension of the West Chester Street Railway Company is over many miles of private right of way and the company has not only not secured the consent of local authorities, but has not secured the consent of the commonwealth: Rahn Township v. Tamaqua, etc., Street Railway Company, 167 Pa. 84; Penn. R. R. Co. v. Montgomery County Passenger Railway Co., 167 Pa. 62; Wheeler v. Penna. R. R. Co., 194 Pa. 539.

*Thomas McConnell, Jr.*, with him *J. Henry Williams*, for appellees.—A street railway company which has not obtained municipal and property owners' consents, has no standing to file a bill in equity to restrain any other corporation from obtaining consents and building its road over territory claimed by the plaintiffs: Thomas v. Inter-County Street Railway Co., 167 Pa. 120; The Coatesville & Downingtown Street Railway Company v. Uwchlan Street Railway Company, 18 Pa. Superior Ct. 524.

OPINION BY MR. JUSTICE MITCHELL, May 11, 1903:

The causes of complaint set out in the bill in behalf of the parties complainant, though similar in tendency and result, do not appear to be the same, or founded on any joint right. They should regularly, therefore, have been put into separate bills. But as no objection was made in the court below, and the case has been argued here as if upon final hearing, we pass it by with this brief reference to avoid any inference that we have sanctioned it as correct practice.

The respondents have failed to show any right to build the branches complained of, at the time the bill was filed. The extension apparently was regularly adopted by the board of directors, was duly recorded at West Chester, and an exemplification of the record was offered for filing in the office of the

secretary of the commonwealth but was refused filing. The reasons of the commonwealth for this course do not appear, and it is stated in appellee's paper-book that the court of common pleas of Dauphin county has since issued a mandamus to the secretary commanding the filing of the exemplification. With this we have at present nothing to do. Section 4 of the Act of May 14, 1889, originally and as amended by the Act of June 7, 1901, P. L. 514, requires that the exemplification shall be filed, and expressly provides that "no right to actually construct the same shall vest until after thirty days from the filing of said exemplification." The filing was therefore a condition precedent, with which the defendants had not complied at the date of this bill, and the acts sought to be enjoined were without any legal authority. Under the act of June 19, 1871, this objection could be raised by any party whose rights are injured or invaded.

We come, therefore, to the question on which the court below apparently decided the case, and on which it has been mainly argued here, the standing of the complainants to invoke the assistance of a court of equity. In Larimer & Lincoln Street Railway Co. v. Larimer Street Railway Co., 137 Pa. 533, it was decided that as the municipal consent was under the constitution a condition precedent to the occupation of its streets, a street railway which had not obtained such consent had no standing to question the rights of another company on the streets. The court below held that that decision governs the present case. This depends on the construction of the act of June 7, 1901, amending the general street railway act of 1889.

By the act of 1889, which was the law under which the decision in Larimer & Lincoln Co. v. Larimer Co. was made, section 1, companies were authorized "for the purpose of constructing . . . . a street railway on any street or highway upon which no track is laid or authorized to be laid, or to be extended, under any existing charter." This it will be observed gave an exclusive privilege to the first company not only to tracks laid and in use, but to mere paper routes authorized but not built and perhaps not intended to be built but only adopted to close the streets to rival companies. This was a fraud on the public whose accommodation by the use of the line was the consideration for the grant of the franchise. By the amendment

to this section under the act of 1901, P. L. 514, companies were authorized to lay tracks on any street "upon which no track is laid under any existing charter, and in constant daily use for the transportation of passengers at the time of the application by another company for a charter to use such street." The omission of the words in the original act, "authorized to be laid" and the insertion of the words "and in constant daily use," etc, in the amended section, at once cut off the exclusive privileges of mere "authorized" or paper routes, and opened the streets not already actually occupied, to new companies as well as old.

This change of the law dealt primarily with existing companies· But it was foreseen that as to future charters difficulties would be likely to arise such as produced the case of Homestead Street Railway Co. v. Pittsburg, etc., Electric Street Railway Co., 166 Pa. 162, where a company with a later charter endeavored to cut under and supplant an older one authorized to use the same streets, by activity in being the first to secure the municipal consent. This court, in order to prevent the subversion of the intent of the statute, was obliged to hold that the first company had an implied right to a reasonable time (in that case about five weeks) in which to get consent, and having got it in that time it should prevail over a consent previous in time but given to a company with a later charter.

With a view to such difficulties the amended section one under the act of 1901, after the provision above quoted author. izing the use of streets on which no tracks were actually operated under existing charters, continued, "but whenever a charter after the approval of this act shall be granted to any corporation to build a road as provided by this act, no other charter to build a road on the same streets, highways, bridges or property shall be granted to any other company within the time during which, by the provisions of this act, the company first securing the charter has the right to commence and complete this work: Provided, That the consent of the local authorities shall be promptly applied for, and shall have been obtained within two years from the date of the charter."

This excepted future companies, under charters granted after the date of the act, from the danger of having their privileges taken away before they could get their tracks actually

laid, and restored during the period of two years allowed for building, the exclusive privileges on the streets named, that tracks "authorized to be laid" had under the original act. It was a fair and proper provision without which the necessary period required for building would have been but a vain and deceptive privilege, liable to be destroyed at any time without fault of the company, by the superior activity or wealth or influence of a junior rival. And for the same reason, the substantial protection of the franchise granted, and to prevent such interferences as were shown by Homestead Railway Co. v. Pittsburg, etc., Railway Co., supra, to be probable, the time for obtaining municipal consent was enlarged to the time allowed for building, and made an absolute right. Under this section if municipal consent has been promptly applied for, the want of it cannot be taken advantage of in any way to the prejudice of the company until the two years' limit has expired. To this extent the principle of Larimer & Lincoln Railway Co. v. Larimer Railway Co., supra, must be modified in its application to companies chartered since the act of 1901.

It is urged by appellee that the power to make extensions is given in a different section of the act (sec. 4, Act of 1901, P. L. 518) and is without limit other than that it shall not be used to cover streets on which tracks are already laid and in daily use. But this restriction is in the same terms as that in section one in regard to charters, and cannot have any wider application. The provision as to charters granted after the date of the act is separate and different as already discussed, and gives the companies under them two years in which to get their road built and tracks laid. During that time their franchise on the streets so authorized to be occupied, can no more be interfered with, by later charters or later extensions, than they could under the original act of 1889 : Commonwealth ex rel. v. Uwchlan Street Railway Co., 203 Pa. 608.

This construction is apparently not in entire accord with the case of Coatesville, etc., Street Railway Co. v. Uwchlan Street Railway Co., 18 Pa. Superior Ct. 524. But in that case the applications for municipal consent were made at the same time, and that of the junior corporation only was granted. The court treated this as in effect a refusal of the other. Whether the two years' period in which to procure consent, allowed by the

act of 1901, will be shortened or terminated by a positive act of refusal on the part of the municipality, or whether the full period may still be available for an opportunity to overcome objections, is a question that does not arise in this case and therefore we express no opinion upon it.

Another question presented by appellant, whether a street railway may build a substantial portion of its route over a private right of way, not on any street or highway, we also leave for consideration when it shall necessarily arise. The present case does not call for a decision upon it.

The decree is reversed and an injunction is directed to be awarded, in accordance with the views expressed in this opinion.

May 20, 1903, it being made to appear that the opinion heretofore filed in this case was in part founded on misapprehension of an agreement between counsel, that said opinion is hereby modified by striking out the first paragraph thereof, and by adding at the end thereof the paragraph following:

This opinion is based on the status of the case as it appears in this court at this time, and is not to be taken as limiting the court below in the hearing on the merits, in regard to finding the facts as to the filing of the exemplification of the extension in the office of the secretary of the commonwealth, or as to the actual interference of defendant's routes with the routes of any of the complainant companies.