# Pittsburgh, Appellant, *v.* Pittsburgh Railways Co.

*Equity—Specific performance—Street railways—Streets—Repairs—Continuing contracts.*

1. A city is not entitled to maintain a bill in equity against a street railway company to enforce specific performance of contracts, based on ordinances, for keeping streets in repair, the prayer of the bill being for a decree that the defendant company "immediately proceed to place in repair the said streets. . . .to the extent it appears to be liable by the foregoing ordinances, and that it use in making such repairs first class and modern material and a modern approved methods of repairing a track construction, and rails and fittings of modern design and first class quality."

2. In such a case equity will leave the parties to their legal remedy.

Argued Oct. 23, 1911. Appeal, No. 156, Oct. T., 1911, by plaintiff from decree of C. P. No. 2, Allegheny Co., Oct. T., 1910, No. 501, sustaining demurrer to bill in equity in case of City of Pittsburgh v. Pittsburgh Railways Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for specific performance.

On demurrer to the bill, SHAFER, J., filed the following opinion:

The bill alleges that the defendant company claims to be a corporation under certain letters patent, and claims the right to maintain and operate street railways in the city of Pittsburgh under certain leases and agreements from some 40 street railways companies; that by the provisions of the acts under which some of these companies were incorporated they are bound to maintain in good repair certain portions of the streets; that a large number of ordinances have been passed relating to these street railways, imposing certain duties upon them as to keeping streets in good repair, copies of some 50 ordinances being annexed to the bill, some of these ordinances being of the city of Pittsburgh, some of the former city of Allegheny, and others of a number of boroughs which have since been incorporated into the city of Pittsburgh.

It is further alleged that these street railways are now maintained and operated by the defendant company under these agreements, and that it is therefore liable to keep the streets of the city in good repair, but that notwithstanding its liability to do so, it has neglected and refused to keep certain of the strees in good repair, and neglects to put such streets in condition of good repair, and refuses to adopt modern and improved methods of repaving and to adopt a good type of rails and fittings, and that by reason thereof the streets of the city occupied by the company are continually in a state of bad repair, being full of holes and unevenness, and that accidents are liable to happen by reason thereof, and that the plaintiff is obliged to spend more money than it should to maintain the portion of said streets which it is liable to maintain, and that a schedule of the streets so claimed to be out of repair and showing the character of the defects is added to the bill as an exhibit, the de-

fects pointed out in the schedule being substantially, 'paving bad,' 'paving bad along the tracks,' or 'paving bad in places.'

The prayer of the bill is for a decree that the defendant company 'immediately proceed to place in repair the said streets and highways in the city of Pittsburgh to the extent it appears to be liable by the foregoing acts and ordinances, and that it use in making such repairs first-class and modern material and modern approved methods of repaving and track construction, and rails and fittings of modern design and first-class quality.'

To this bill the defendant has demurred (1) That the bill is multifarious; (2) that no demand on the company to make the repairs is alleged; (3) that no reasonable opportunity after notice was given the defendant to make the repairs; (4) that the plaintiff has an adequate remedy at law, and (5) that it does not appear that the defendant is a person or corporation competent to be sued.

Whether a bill in equity contains too many subjects, or subjects too different from each other to be litigated in one proceeding, is a matter of convenience to be determined in each case under all the circumstances. As the subject matter of all the claims made by the plaintiff against the defendant is substantially the same in each case, though founded upon different ordinances, we are not convinced that all the matters contained in the bill may not be discussed in one proceeding without inconvenience to the parties or the court.

The second and third grounds of demurrer, which, taken together, substantially are that the plaintiff cannot maintain a bill without showing previous demand for the making of the repairs, and the allowance of a reasonable time to make them, constitute a more serious objection to the bill.

If this were an action at law to recover for the cost of paving done by the plaintiff, which should have

been done by the defendant, we are of opinion that the objection would be fatal, but as against a bill in equity, in which the court has full power to give the defendant time to make repairs, we are of opinion that it is not necessary in the first instance to make a demand or give time to repair, but that the want of this goes only to the question of costs.

The fourth ground of demurrer, that the court has no jurisdiction to decree specific performance of the company's duty to repair the streets, is, however, in our opinion, well taken.

So far as that duty is statutory it must be enforced by the remedy provided by the statute. In the present case, however, the plaintiff's claim is founded wholly, or almost wholly, upon the contracts made with the various railway companies operated by the defendant company by which they bound themselves to keep the streets in repair. There is nothing in the fact that the plaintiff is a municipal corporation, or that the defendant is a public service corporation, which can give the plaintiff any peculiar right to a decree for specific performance different from the right of one individual against another. The only cases in which specific performance has been decreed in Pennsylvania are the common cases of the sale of land and the very few cases concerning personal property in which it has appeared that for some peculiar reason a suit for damages for failure to perform would not give adequate relief; such as the case of Vail v. Osbourn, 174 Pa. 580, where specific performance was decreed of an agreement to cut and deliver bark to a tannery from trees close to the tannery, where it appeared that bark could not be obtained otherwise. Unless some such element appears equity leaves the parties to their legal remedy. Especially must this be the case where the contract sought to be enforced specifically is for putting streets in repair and thereafter keeping them in repair, which would involve a supervision of the court over the matter for an indefinite time.

No case has been pointed out to us wherein specific performance of such a contract has been asked for or decreed as the principal relief sought by a plaintiff. On the contrary, there have been quite a number of cases in this Commonwealth where the breach of duty to repair streets by street railway companies has been enforced in action of assumpsit, as the cases of Reading v. United Traction Company, 215 Pa. 250; McKeesport Boro. v. McKeesport Passenger Railway Company, 158 Pa. 447; Philadelphia v. Ridge Avenue Passenger Railway Company, 143 Pa. 444, and many others.

Counsel for the plaintiff cites as precedents for the bill two cases, McKeesport v. Pittsburgh Railways Company, 50 Pitts. Leg. J. 377, and Patton Township v. Monongahela Street Railway Company, 226 Pa. 372. In neither of these cases, however, did the bill pray for specific performance of a contract to repair. In the McKeesport case the bill was to forfeit the franchise of the railways company for breach of a condition upon which it was granted, namely, that it shall keep the streets in repair, and the prayer was not for an order requiring the repairs to be made, but for a decree of forfeiture unless it was made within a reasonable time, which is a very different thing. In the Patton township case the agreement of the railways company, namely, to lay a second track, which it had agreed to do upon certain conditions, the existence of which it denied, and the prayer as to the want of repair of the track which was already laid was the same as that in the McKeesport case, for forfeiture unless the repair was made, it being alleged that the keeping of the street in repair was a condition subsequent to the grant of the franchise to lay the street railway and the prayer was that unless the repair was made the whole railway should be removed. The present bill contains no allegation that the duty to repair in any of the streets mentioned in the bill was a condition of the continuance of the franchise, nor does

it ask for any forfeiture on that account. It is purely and simply a bill for specific performance. Being of opinion, therefore, that the court has no jurisdiction to grant the relief sought, for the reason above stated, the demurrer is sustained and the bill is dismissed at the costs of the plaintiff."

An amendment to the original bill having been allowed, SHAFER, J., filed the following opinion on demurrer:

A demurrer having been heretofore sustained to the bill in this case, the plaintiff was allowed to amend by adding an additional paragraph to the bill. By the added paragraph it is alleged that the city and the railways company are unable to agree upon the extent of the liability of the defendant or the manner in which the defendant should do the work or make repairs; that it would be difficult to keep an accurate account of the cost of said work so as to properly charge the defendant, the defendant being liable to the city only for repairs and cleaning done on only a part of the street; and that it is not practicable for the plaintiff to do the work and make the repairs because in so doing it would interfere with the operation of the defendant's cars. To the amended bill the defendant has demurred as before. Upon a careful consideration of the bill as amended we are unable to see that it differs substantially from the original bill, or that anything contained in the amendment is sufficient to give jurisdiction to decree specific performance under the circumstances.

The demurrer is therefore sustained.

*C. Elmer Bown,* with him *C. A. O'Brien,* for appellant, cited Patton Township v. Monongahela Street Railway Co., 226 Pa. 372.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* with him *Allen H. Kerr,* for appellee.—The remedy at law is adequate. Reading v. United Traction Co., 215 Pa. 250;

Philadelphia v. Pass. Ry. Co., 169 Pa. 269; Penna. R. R. Co. v. Duquesne Boro., 46 Pa. 223.

The proposition that specific performances of construction or repair contracts will not be granted in equity, seems well established. Fallon v. Railroad Co., 1 Dillon (U. S.) 121; Ross v. Union Pacific Ry. Co., 1 Woolworth (U. S.) 26; Beck v. Allison, 56 N. Y. 366; Oregonian Railway Co. v. Oregon Railway & Navigation Co., 11 Sawyer (U. S.) 33, (37 Fed. Repr. 733); Columbus & Shelby Railroad Co. v. Watson, 26 Ind. 50; Rutland Marble Co. v. Ripley, 77 U. S. 339.

PER CURIAM, January 2, 1912:

The decree is affirmed for the reasons stated in the opinion of Judge SHAFER.