# Lutz *v.* Webster, Appellant.

*Corporations — By-laws — Stockholders' meeting — Quorum — Prevention of annual meetings—Equity jurisdiction.*

1. The legislature has expressly provided for the subordination of every by-law of a corporation to the laws of the Commonwealth.

2. While as a general principle of law the by-laws of a corporation become a part of its fundamental law and are binding not only upon the corporators but upon those dealing with the corporation, and while it is within the power of the corporators to pro-

vide that more than a majority of the stock issued and outstanding shall be necessary to constitute a quorum for the general transaction of corporate business, and such a by-law will be upheld when used for a lawful purpose, it cannot be used for the express purpose of defeating what the law requires as to the holding of annual elections.

3. A by-law which requires four-fifths of the stock to be represented, in order to constitute a quorum, must be deemed to be subordinate to the statute which provides for the annual election of directors, and it cannot be used to defeat the plain intention of the legislature as declared in the acts of assembly.

4. A court of equity has jurisdiction to determine whether a by-law of a corporation is inconsistent with the law of the State in the matter of holding corporate elections, and if found to be so, to decree that an election be held at which a majority of the stock shall constitute a quorum.

5. A by-law of a Pennsylvania corporation provided that four-fifths of the stock issued and outstanding should be necessary to constitute a quorum for the transaction of business at a stockholders' meeting. Plaintiff was the owner of a majority of the stock but not four-fifths thereof. Two of the defendants owned between them more than one-fifth of the stock. One of them was president and drawing a salary as such but had ceased to perform any duties of the office. These two defendants refused to attend any meetings of the stockholders and thereby prevented a quorum from being present. No annual meeting had been held for two years. Upon a bill filed by plaintiff, the court did not err in ordering that a meeting of the stockholders should be held, at which a majority of the stock should constitute a quorum.

Argued March 22, 1915. Appeal, No. 393, Jan. T., 1914, by defendant, from decree of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 4562, in case of William H. Lutz v. Paul W. Webster, Joseph Hill Brinton and the Lutz-Webster Engineering Company. Before Brown, C. J., Mestrezat, Elkin and Stewart, JJ. Affirmed.

Bill in equity praying the court to decree the holding of a stockholders' meeting of a corporation. Before Ralston, J.

The opinion of the Supreme Court states the case.

The court made a decree providing for the holding of

a meeting of the stockholders of the defendant corporation. Defendants appealed.

*Errors assigned* were in dismissing exceptions to the adjudication and the decree of the court.

*T. Walter Gilkyson,* of *Johnson & Gilkyson,* for appellants.

*Charles L. McKeehan,* of *Roberts, Montgomery & McKeehan,* for appellee.

OPINION BY MR. JUSTICE ELKIN, April 19, 1915:

The defendant corporation has not held a meeting of stockholders for the election of directors since March 12, 1912, and as disclosed by this record no corporate meeting is likely to be held unless some such relief is afforded as that prayed for in the present bill. The controversy grows out of a by-law of the corporation which requires four-fifths of the capital stock to be represented either in person or by proxy to constitute a quorum for the transaction of business at a stockholders' meeting. There are 1,400 shares of capital stock issued and outstanding and thus it requires 1,120 shares to be represented at a meeting in order to constitute a quorum under the by-law in question. The stock is held as follows: Lutz, 999 shares; Paul W. Webster, 299 shares; Florence F. Webster, 100 shares, and Joseph Hill Brinton, 2 qualifying shares. It will thus be seen that Lutz does not own a sufficient number of shares to constitute a quorum under this by-law, and since Webster refuses to attend a meeting called for the purpose no election of directors has been held for more than three years. At a meeting of the board of directors, held September 25, 1912, Webster was elected president, Brinton vice-president, and Lutz secretary and treasurer. The corporation has three directors and four stockholders, who conduct its business as a cor-

porate entity under the law. Brinton has resigned as vice-president and Webster has not acted as president since March 1, 1914, on which date he left the company and secured other employment. The corporation is therefore in the anomalous position of having a presiden not in sympathy with its management and who declines to act, a vice-president who has resigned and retired from any connection with its business, but who hold more than one-fifth of the capital stock, and if correct in the position they have assumed can prevent an election of directors indefinitely. If this can be lawfully done, great injury will result and the business of the corporation may be destroyed. It is argued for appellants that by-laws when duly enacted are written into and become a part of the fundamental law of the corporation, binding not only upon the corporators, but upon those dealing with the corporation. As a general principle of law this cannot be gainsaid, nor will we attempt to deny its application in most instances. It is within the power of corporators to provide that more than a majority of the stock issued and outstanding shall be necessary to constitute a quorum for the general transaction of the corporate business. The by-law in question is a valid exercise of corporate power under our statutes, and when used for a lawful purpose, it is binding not only upon the corporators but on all those who have dealings with the corporation. We cannot agree, however, that such a by-law can be set up for the express purpose of defeating what the law requires as to the holding of annual elections. This thought is plainly indicated in the general corporation Act of April 29, 1874, P. L. 73, as amended by the Act of May 14, 1891, P. L. 61, wherein it is provided:

"The by-laws of every corporation created under the provisions of this statute, or accepting the same, shall be deemed and taken to be its law, subordinate to this statute, the charter of the same, the Constitution and

laws of this Commonwealth and the Constitution of the United States."

It will thus be seen that the legislature expressly provided for the subordination of every by-law to the laws of the Commonwealth. The Act of 1874, and its amendment of 1891, provide that the directors "shall be chosen annually by the stockholders," and at the time fixed by the by-law. In the case at bar the by-law fixed the time for holding the annual election and due notice was given all the stockholders, but Webster refused to attend the meeting and thus made it impossible to have a sufficient amount of stock represented to constitute a quorum under the by-law. In other words he sets up the by-law to defeat what the law requires— the holding of an annual election. If this position is sound, the law of the Commonwealth will be subordinated to the by-law of the corporation, and the by-law will not be subordinate to the statute as it is expressly declared it shall be. Our conclusion is that the by-law which requires four-fifths of the stock to be represented in order to constitute a quorum, must be deemed to be subordinate to the statute which provides for the annual election of directors, and that it cannot be used to defeat the plain intention of the legislature as declared in the acts of assembly. As between the corporators and those dealing with the corporation such a by-law has binding force and effect, unless it is in violation of some statutory requirement.

It certainly cannot be that a director and stockholder can set up this by-law to defeat an election so that he may draw a salary which the earning power of the corporation does not justify and especially is this true when he has secured other employment and is not in position to earn the salary demanded. The annual election should be held and all the stockholders given ample notice so that they may be present at the meeting if they choose to attend. If they voluntarily absent themselves from a meeting duly called for an election, they are

not in position to complain or ask relief upon this ground: Cowen's App., 10 W. N. C. 85; Com. v. Vandergrift, 232 Pa. 53. Of course it is always necessary that a majority of the stock issued and outstanding should be represented at a meeting called for the annual election of directors, and the learned court below so decreed.

The jurisdiction of the court to grant the relief prayed for is challenged, but we agree with the views of the learned chancellor and approved by the court in banc, that under the exceptional facts of this case, the court had power to determine whether the by-law was inconsistent with the law of the State, and if found to be so, to decree that an election be held at which a majority of the stock shall constitute a quorum. The appellant Webster has prevented the holding of an annual election for two years by refusing to attend a meeting called for this purpose, and certainly it is within the spirit and reason of our own cases for the court to order an election to be held in an orderly and lawful manner under such circumstances.

It is in the interest of the corporation, and of the stockholders, and of all other interested parties, that proper officers be elected to conduct the corporate business. To accomplish this result it is necessary to elect a board of directors and the decree of the court simply orders that to be done which the facts plainly show should be done.

Decree affirmed at cost of appellants.