### Evans v. Evans & Co. et al., Appellants.

*Corporations—Transfer of stock—Foreign corporations—Internal management—Mandamus—Acts of June 8, 1893, P. L. 345, and June 24, 1895, P. L. 258.*

1. Under the Act of June 8, 1893, P. L. 345, and June 24, 1895, P. L. 258, mandamus is the proper remedy to compel a corporation to register a transfer of corporate stock and issue a certificate to the new owner.

2. Where a foreign corporation transacts practically all of its business in Pennsylvania and keeps its records in this State, and its executive officers reside here, it may be compelled by mandamus to register a transfer of its stock.

3. The making of such transfer is merely ministerial, it is not a demand against the corporation, but against its officers, and is in no manner an interference with the management of the corporation's internal affairs.

Argued May 18, 1925. Appeal, No. 106, March T., 1925, by defendants, from order of C. P. Allegheny Co., Jan. T., 1925, No. 1348, awarding mandamus, in case of W. N. Evans v. R. W. Evans & Co. et al., president, treasurer and secretary. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for mandamus. Before FORD, J.
The opinion of the Supreme Court states the facts.
Mandamus awarded. Defendants appealed.

*Error, assigned* was, inter alia, order, quoting record.

*John B. Nicklas, Jr.,* for appellants.—Mandamus is not the proper remedy; plaintiff should sue in damages for the value of his stock or bring a bill in equity for specific relief: Drexel v. Man, 6 W. & S. 386; Curry v. Scott, 54 Pa. 270.

The courts of Pennsylvania have no jurisdiction over matters relating to the internal management of affairs of a foreign corporation: Madden v. Electric Light Co., 181 Pa. 617; Kelly v. Thomas, 234 Pa. 419; Hogue v. Steel Foundries, 247 Pa. 12; Thompson v. Coke Co., 269 Pa. 500.

*Moorhead & Knox* and *Lawrence D. Blair,* for appellee, were not heard.

PER CURIAM, June 27, 1925:

On plaintiff's petition a writ of alternative mandamus was issued to compel defendants to transfer on the books of the company and issue to him a new certificate in his name for one thousand shares of the capital stock of defendant, a corporation created under the laws of the State of Delaware, and engaged as a stock and investment broker with its principal place of business in the City of Pittsburgh. After return and hearing the lower court directed that the transfer be made and a certificate issued to plaintiff. Defendants appealed.

The assignments of error raise two questions: (1) Is mandamus the proper remedy in this State to compel a corporation to register a transfer of corporate stock and issue a certificate to the new owner, and (2) Have the courts of Pennsylvania jurisdiction to entertain mandamus proceedings to compel the transfer of shares of the capital stock of a foreign corporation instituted by the holder of a duly assigned stock certificate of the corporation.

The business of defendant is mainly transacted in the City of Pittsburgh, its books, corporate seal and records are there and its president, secretary and treasurer reside in that city. The Act of June 24, 1895, P. L. 258, designates mandamus as the proper remedy to enforce a transfer of corporate stock (Sproul v. Standard Glass Co., 201 Pa. 103; Deal v. Erie Coal & Coke Co., 244 Pa. 622), and section 2 of the Act of June 8, 1893, P. L. 345, provides that petitioner for the writ must set forth in his petition "the facts upon which he relies for the relief sought, the act or duty whose performance he seeks, his interest in the result, the name of the person or body at whose hands performance is sought, demand and refusal to perform the act or duty and that the petitioner is without other adequate and specific remedy at law." Here the petition fully complies with the requirements of the Act of 1893 by setting forth all facts required by the legislation just referred to, and, mandamus being the appropriate remedy in cases of this character, the remaining question for consideration is the jurisdiction of the courts of this State. That they have a right to pass on the question here presented we have no doubt. Defendant, although chartered under the laws of the State of Delaware, transacts practically its entire trade in the City of Pittsburgh where its main place of business is located, its records are kept there and its executive officers reside within the jurisdiction of the courts of Allegheny County. At no other place could it make the transfer and issue the certificate asked for as conveniently as in Pittsburgh. The making of such transfer is merely ministerial. It is not a demand against the corporation, but against its officers and is in no manner an interference with the management of the corporation's internal affairs: Cunliffe et al. v. Consumers Assn., etc., 280 Pa. 263; Machen v. Electrical Mfg. Co., 237 Pa. 212, 220. The rights of the corporation, if any, under the oral agreement referred to in defendants' return, can be fully protected in other ap-

propriate proceedings. The lower court was not in error in directing the transfer prayed for be made and a new certificate issued to appellee.

Judgment affirmed at costs of appellant.