Hanna et al., Appellants, *v.* Chester Times et al.

584

Argued January 9, 1933.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Francis Shunk Brown,* with him *A. Carson Simpson, Ira Jewell Williams, John E. McDonough* and *E. A. Howell,* for appellants.—Equity has jurisdiction to

oblige corporate officers to obey valid corporate by-laws: Com. v. Bank, 3 W. & S. 173; Bagley v. Oil Co., 201 Pa. 78; Tunis v. Ry., 149 Pa. 70; Baker's App., 109 Pa. 461.

The transferor of shares is a proper party plaintiff to compel the transfer of stock alienated by him, upon the books of the corporation: West Branch and Susquehanna Canal Co.'s App., 81 Pa. 19; Miller v. Coal Co., 22 Pa. Dist. R. 904.

The objection that mandamus is a proper and adequate remedy is manifestly insufficient.

*E. Wallace Chadwick,* for appellees.

OPINION BY MR. JUSTICE LINN, March 20, 1933:

Preliminary objections filed under Equity Rule 48, (parts 2, 3, 6 and 7) were sustained, with leave, etc. Plaintiffs declined to amend, had the bill dismissed, and have appealed.

From the bill we gather that the Chester Times is a corporation of Pennsylvania, with a capital stock of 1500 shares, par $100 each, which, prior to this controversy, were owned, one-half by Long and his wife, and one-half by Wallace and his wife. Wallace died January 5, 1927, bequeathing his 745 shares to his wife, who prior thereto owned 5 shares; three days later, she died, leaving next of kin, who, it is averred, then became entitled to the 750 Wallace shares. Hanna, one of plaintiffs, sues as administrator c. t. a. of both Wallace estates. Mrs. Wallace's next of kin are also named as parties plaintiff. The bill avers that no distribution of said shares has been made to the beneficiaries who may be entitled. On November 15, 1929, Hanna, as administrator c. t. a. of both estates, the next of kin of Mrs. Wallace and their respective husbands or wives, executed a voting trust agreement assigning the Wallace shares and providing for the voting of those shares by Hanna and Howell as trustees. These trustees, and Howell, individually, are also parties plaintiff.

The defendants are the corporation, its president, Long, who is also a stockholder owning 749 shares, and its secretary, Weeks, who is neither stockholder nor director.

The bill asks that defendants be restrained from holding stockholders' or directors' meetings until the further order of the court; that they be required "to transfer the stock of the plaintiffs" to the voting trustees; that a master be appointed to conduct an "election of directors and officers for the Chester Times......and that he be directed to recognize any and all votes properly cast by the said voting trustees"; and "to require that the Chester Times be hereafter directed and managed by four directors until the further order of this court or until a proper amendment to the by-laws be adopted by qualified voters......"

Defendants make various objections: 1, that all the plaintiffs are not legally interested in all the alleged causes of action; 2, that the bill is multifarious; 3, that there is adequate remedy at law; 4, that no cause of action in equity has been alleged against defendant Weeks.

Certainly, if Hanna, in his capacities as administrator, has transferred his decedents' interests in the shares, to the voting trustees, he, as administrator, is not a proper party (for anything alleged in the bill) to obtain supervision of the corporate management in the respect requested.

For the transfer of the shares on the books and the issue of new certificates, the remedy is by mandamus (Evans v. Evans & Co., 284 Pa. 126, 130 A. 313) save in cases in which equities of other parties are involved. (J. Wadlinger v. Bank, 209 Pa. 197, 58 A. 359; Rose v. Barclay, 191 Pa. 594, 43 A. 385; Act of May 4, 1893, P. L. 29) which is not alleged here. Except in extraordinary circumstances (cf. Lutz v. Webster, 249 Pa. 226, 94 A. 834) mandamus is also the remedy to require an election (Cella v. Davidson, 304 Pa. 389, 395, 156 A. 99), and here the proposed election is not merely incidental

but is the basis of relief. Quo warranto is the remedy to determine the right of one claiming to exercise corporate office: Com. v. Strauss, 38 Pa. Superior Ct. 389; Jenkins v. Baxter, 160 Pa. 199, 28 A. 682.

Howell's claim to be a plaintiff, individually, is based on the averment that in stockholders' meetings, held in 1927 and in subsequent years, the votes for directors were cast for four persons, Long, Mrs. Long, Hanna and Howell, each receiving the same number, and that the president, Long, declared only three elected, himself, his wife and Hanna, and excluded Howell, being of opinion that the by-laws provide for but three directors to be chosen from the shareholders, and that, in any event, Howell was not a shareholder. As no other right to sue individually, appears, Howell is improperly joined in that capacity: Coatesville, etc., Ry. Co. v. West Chester Ry. Co., 206 Pa. 40, 55 A. 844. Since defendant, Weeks, as secretary, can be involved only in completing, on the books, the transfer of the shares of the Wallace estates, he is also improperly joined, mandamus being the proper remedy to obtain the performance of such duty.

In their statement of objections to the bill, defendants called attention to the fact that it appears by the bill and the voting trust agreement, made part of it, that the necessary collateral inheritance or transfer tax-waiver has not been obtained, without which the alleged transfer from Mrs. Wallace's estate may not be given effect by the defendants; this appears to be a valid objection: Article IV, section 36, Act of June 20, 1919, P. L. 521; Hanna v. Chester Times, 303 Pa. 252, 154 A. 591.

In appellants' brief, it is said: "The objects of the bill are two at most: first, to secure an impartial election based upon the law and the facts, namely, that the proper number of directors of the corporation is four; and, second, to compel the transfer on the books of the corporation of the 750 shares of Wallace stock. Indeed, it is fair to say that in substance and reality the bill has

but one object: to obtain for the plaintiffs the equal control of the corporation to which their 50% stock ownership entitles them." Without now considering, because the point is not directly before us, whether the indefinite and uncertain averments in the bill as to the by-laws and alleged amendment are sufficient to require an answer from proper defendants, this statement, by appellants, of the two objects, concedes the multifarious character of the bill, mandamus being the remedy to accomplish one of them. While a wise exercise of discretion must determine when two or more subjects of litigation may be conducted in one equity proceeding (Pittsburgh v. Pittsburgh Rys. Co., 234 Pa. 193, 83 A. 67; Lafean v. American Caramel Co., 271 Pa. 276, 283, 114 A. 622) the double purpose here sought brings the bill under the provision of Equity Rule 48 that "all of the plaintiffs are not interested in all of the causes of action set forth." See Bovaird v. Seyfang, 200 Pa. 261, 49 A. 958; Price v. Hurley, 201 Pa. 606, 51 A. 339; Kelly v. Thomas, 234 Pa. 419, 83 A. 307. This objection is not removed, as appellants suggest, by resort to the rule (Graeff v. Felix, 200 Pa. 137, 139, 49 A. 758; Cella v. Davidson, 304 Pa. 389, 395, 156 A. 99) that in a proper case equity will supervise a corporate election, and that, having once taken jurisdiction, will determine the whole controversy, because neither rule is applicable to the case presented by the present bill.

Decree affirmed at plaintiffs' costs.