## Emmaus Borough v. Wilmer R. Schultz, Inc.

*Donald H. Lipson,* for plaintiff.

*Edward N. Calin,* for defendant.

SCHEIRER, J., November 10, 1970.—Defendant, a building contractor, submitted a plan to the authorities of the Borough of Emmaus for the construction of a development in the borough called "Cherokee Development." The plan called for the construction of curbing and sidewalks by defendant throughout the development and was approved by the borough authorities.

As of the date of the filing of the complaint, more than 20 residences were constructed in the area, none of which had sidewalks installed. The borough "consistently requested" defendant to construct the sidewalks and Wilmer Schultz, representative of defen-

dant corporation, agreed on February 18, 1968, to construct same. However, the said sidewalks have yet to be installed.

Plaintiff filed a complaint in equity seeking to avoid a multiplicity of suits and requesting that defendant be directed to construct the sidewalks in accordance with borough specifications or, in the alternative, that defendant be required to pay the borough for the construction of said sidewalks. To such complaint, defendant has filed preliminary objections in the form of a motion to strike and a demurrer. As a basis for the former, five reasons are assigned:

"1. The plaintiff has an adequate remedy of law.

"2. The plaintiff relies upon a plan submitted to it as set forth in paragraph 4 of its complaint but fails to attach a copy of said plan in accordance with Pa. R.C.P. 1019(h).

"3. The copy of the complaint served upon the defendant does not appear to be signed by plaintiff's attorney.

"4. The verification to the complaint appears to be taken by one, Pierce E. Randall, although the verification itself purports to be that of Oscar T. Iobst.

"5. The plaintiff's claim is barred by laches."

There is merit to defendant's contention that plaintiff has an adequate remedy at law. The case of Caldwell v. Holliday, 11 Chester 315, is amazingly close to our facts. There, 18 plaintiffs brought an action in equity against a subdivider and his wife from whom they purchased lots. Defendants had submitted a proposed plan of a subdivision to the township supervisors which was approved. It was averred by plaintiffs that both before and after the conveyances, defendants made oral representations to plaintiffs that the roads to be installed in the development "would be completed by the said defendants in

accordance with the specifications and requirements of the said Township," that plaintiffs accepted deeds in reliance upon these representations and that defendants neglected and refused to construct roads meeting the specifications of the township. Plaintiffs prayed that defendants be ordered to perform their agreement by doing that which was necessary to make the roads conform to the township's specifications, that judgment be entered against defendants for a sum alleged to be the cost of making the roads conform to the township's specifications and other relief not here pertinent. Defendants demurred.

We shall quote at some length from the court's well reasoned opinion:

"We believe we cannot find facts from the averments of the complaint which would justify our taking equitable jurisdiction for any purpose.

"Plaintiffs first seek a decree enjoining the defendants to complete the construction of the roads in question in accordance with the terms of their promise. 'The only cases in which specific performance has been decreed in Pennsylvania are the common cases of the sale of land and the very few cases concerning personal property in which it has appeared that for some peculiar reason a suit for damages for failure to perform would not give adequate relief; such as the case of Vail v. Osbourn, 174 Pa. 580, where specific performance was decreed of an agreement to cut and deliver bark to a tannery from trees close to the tannery, where it appeared that bark could not be obtained otherwise. Unless some such element appears, equity leaves the parties to their legal remedy. Especially must this be the case where the contract sought to be enforced specifically is for putting streets in repair and thereafter keeping them in repair, which would involve a supervision of

the court over the matter for an indefinite time.' Pittsburgh v. Pittsburgh Railways Co., 234 Pa. 193, 196 (1912).

"In the instant case the 'peculiar reason' to which the Supreme Court referred in the above quotation does not appear. Here plaintiffs know what is required to make the roads meet township specifications; they have set out those requirements in their complaint. They also know the cost of the work required to be done. An award of damages in that amount will permit them to employ another road builder of their own selection who can then perform the tasks required. After he has performed those tasks, plaintiffs will have what they say defendants told them they would have; i.e., roads which 'would be completed . . . in accordance with the specifications and requirements of the said Township of Kennett,' and this at no additional expense to themselves. Such a remedy would be both adequate and complete. It would produce the very result allegedly promised by the defendants. Equity should not take jurisdiction to enforce the promise here sued upon.

"Plaintiffs seek to justify the form of action they have selected by saying that it will avoid a multiplicity of suits. As we have demonstrated above, only one suit need be employed. Pa. R.C.P. 2229(a) provides: 'Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action.' All plaintiffs here assert the same right based upon a similar set of facts. Consequently, all rights asserted arise out of a series of transactions raising common questions of law and fact. 'In general the jurisdiction of equity to avoid

multiplicity of several suits at law is restricted to those cases where there would otherwise be some necessity for the maintenance of numerous suits between the same parties involving the same issues of law or fact.' Douglas v. City of Jeannette, 319 U.S. 157, 63 Sup. Ct. Rep. 877 (1943); Baederwood Center, Inc. v. Putney, 390 Pa. 53 (1957); Pennsylvania State Chamber of Commerce v. Torquato, 386 Pa. 306 (1956). Such a result will not be produced by our refusing to take equitable jurisdiction here. We think plaintiffs' argument in this regard is not well founded."

The demurrer was sustained and the action was certified to the law side of the court.

While it is not too clear from the complaint, it would appear that plaintiff's right of action is based either on defendant's commitment in the plan submitted and approved, or upon defendant's representative's statement at a later date that the pavements and curbing would be constructed, or possibly upon both. As in Caldwell, supra, if the borough receives damages, it may employ a contractor to perform the work and thus have what it expected in the first instance. Plaintiff's argument that the jurisdiction of equity is justified to avoid multiplicity of suits is inappropriate. Plaintiff's action against defendant is, as we have said, apparently based on the latter's promise. Upon what the homeowners' action against defendant would be based, we do not know. Defendant's promise to them? Plaintiff conjectures that each of 20 property owners may possibly bring action against defendant or the borough. This argument is strained. Plaintiff may not urge as a ground for jurisdiction in equity that defendant will thereby be saved a multiplicity of suits by other persons where defendant raises no objection to such possible suits and urges no such ground for equitable jurisdiction.

See Equitable Life Assurance Soc. v. Brown, 213 U.S. 25, 53 L. Ed. 682, 29 S. Ct. 404. It is apparent there is no community of right or interest here to invoke equitable jurisdiction. The issues between the landowners and defendant on the one hand and between the landowners and the borough on the other hand are neither identical nor similar. As suggested in Caldwell, all plaintiffs may join in suing defendant or the borough under Pa. R.C.P. 2229(a). Thus, one action will suffice.

On the present statement of plaintiff's cause of action, we do not think it necessary to consider at length defendant's contention that plaintiff has not shown consideration for defendant's promise to construct sidewalks and curbing. Suffice it to say, that defendant probably wouldn't have received approval of his subdivision development without his promise or commitment to construct the sidewalks and curbing.

Since a demurrer should be sustained only in cases free from doubt, we shall overrule the preliminary objection in the nature of a demurrer.

We shall certify the action to the law side of the court and permit an amended complaint to be filed in accordance with plaintiff's assurance that the omissions already referred to under the motion to strike will be corrected. In addition, the contractual obligation of defendant, if any, should be clearly stated and the agency of Wilmer R. Schultz averred.

In view of the foregoing, there is no need to consider the matter of laches, especially since it is based solely on the averments in the complaint.

## ORDER

Now, November 10, 1970, defendant's preliminary objection in the nature of a demurrer is overruled

and defendant's preliminary objection in the nature of a motion to strike is sustained unless an amended complaint is filed by plaintiff in accordance with the foregoing opinion within 20 days of the service of a copy of the within order upon its counsel.

The within action is hereby certified to the law side of the court.