160      199|
 32 SC ²390
h 32 SC ²392

## Jenkins et al. *v.* Baxter et al., Appellants.

*Corporations—Elections—Equity—Quo warranto—Act of June* 16, 1836.

The power of supervision and control of corporations conferred by the act of June 16, 1836, P. L. 621, upon Courts of Equity will be used to supervise and control corporate elections where it is shown in advance that by reason of fraud, violence or other unlawful means a fair and honest election cannot be held, but it will not be exercised to set aside an election regularly held.

Where a corporate election is held at the proper place and the appointed time, and the meeting is regular, quiet and orderly, the only way to contest the validity of the election is by a writ of quo warranto, as provided by the act of June 16, 1836, P. L. 621.

Argued Jan. 12, 1894. Appeal, No. 86, Jan. T., 1894, by defendants, William Baxter et al., from decree of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 743, on bill in equity, by Wm. H. Jenkins et al. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill to declare void corporate election, etc.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in overruling demurrer; (2–4) decree as quoted in opinion of the Supreme Court; (5) decree imposing costs on defendants; (6) in refusing to suspend execution of decree for new election, pending this appeal; (7) in not dismissing bill; (8) want of jurisdiction.

*Edward H. Weil,* for appellants, cited: As to jurisdiction: Tunis v. Ry., 149 Pa. 70; Act of June 16, 1836, P. L. 621.

As to appeal operating as supersedeas: Act of March 17, 1845, P. L. 158; Hess's Ap., 1 Watts, 255; Chillas v. Brett, 5 Clark, 325.

*Leoni Melick, Sheldon Potter* with him, for appellees, cited: As to jurisdiction: Sarver's Ap., 81* Pa. 183; Com. v. Bank, 3 W. & S. 193; Kerr v. Trego, 47 Pa. 295; Bierbower's Ap., 107 Pa. 14; Brush Electric Light Co.'s Ap., 114 Pa. 574; Com. v. Turnpike, 153 Pa. 55; Anderson v. Eltonhead, 26 W. N. 95

OPINION BY MR. JUSTICE FELL, March 12, 1894:

Wm. H. Jenkins and four other persons were plaintiffs in a bill in equity filed Jan. 3, 1893, against the directors of the Colorado Mining Drill Co., praying the court to set aside an election of directors that had been held on Oct. 12, 1892, by the stockholders of the company, to declare that the plaintiffs were lawfully elected directors, to order a new election to be held under the direction of a master, and to grant an injunction.

It appears from the bill filed that, at a meeting of the stockholders convened for the purpose of electing a board of directors, a chairman was selected by a majority of those present, against the objection that the selection should be made by a stock vote, whereupon Jenkins and others, without waiting until the time for voting, withdrew to an adjoining room and organized a meeting of their own, and elected themselves directors. Those who remained elected a board of directors, who afterward elected the defendants officers of the company. The ground of complaint is that after the withdrawal of the plaintiffs from the stockholders' meeting a majority of the stock was not represented, and that there was not a quorum present. The real point of contention is as to the right to vote seven thousand shares of stock held in trust by The Commonwealth Title & Trust Co.

To all this the defendants demurred on the ground that the plaintiffs had a full, complete and adequate remedy at law. This demurrer was overruled and the defendants filed their answer; and, after hearing on bill and answer, a decree was made deciding that one of the plaintiffs was entitled to vote the shares of stock held in trust, appointing a master to hold an election, and directing the defendants at once to deliver to the master the property of the corporation.

The first assignment of error is: "The court below erred in overruling the demurrer to the bill of complaint," and it squarely raises the question whether the averments of the bill brought the case within the equitable jurisdiction of the court.

The act of June 16, 1836, P. L. 621, confers upon the Supreme Court and the courts of common pleas the jurisdiction and powers of courts of chancery as to all corporations other than those of a municipal character. This power has been used

to control and supervise the election of directors where it has been shown that, by reason of fraud, violence or other unlawful conduct on the part of the stockholders, a fair and honest election could not be held. This was done on the occasions which gave rise to Gowen's Appeal, 10 W. N. 85, and to Tunis v. The Hestonville Pass. Ry. Co., 149 Pa. 70. The power was invoked in advance of an election to prevent fraud or force, and to secure that the right of each stockholder to vote should be passed upon by an impartial and disinterested person, whose decision was subject to immediate review and correction.

Those cases differ widely from this. The court here was not asked to supervise an election upon the allegation that by reason of fraud or force a fair election could not be held, nor upon any other allegation. An election had been held at the office of the company on Oct. 10, 1892. This was the proper place and the appointed time, and the meeting was regular, quiet and orderly. The plaintiffs withdrew from the meeting before the voting commenced, and proceeded in another room to hold an election of their own. Nearly three months afterward, on Jan. 3, 1893, their bill was filed.

It was the right of the plaintiffs to contest the validity of this election if they so desired, but the method was by a writ of quo warranto as provided by the act of June 14, 1836 : Updegraff v. Crans, 47 Pa. 103.

It follows therefore that the demurrer should not have been overruled, and this sustains the first assignment of error.

Without entering into the question of the right to vote the stock held in trust, it is clear that the remaining assignments should be sustained. The hearing was on bill and answer. From the answer it appears that fourteen stockholders attended the meeting of Oct. 10th ; that no objection was made to the organization of the meeting or to any of the proceedings; that when the secretary was about to read the reports of the officers of the corporation, four of the plaintiffs withdrew from the room, although urgently requested by the other stockholders to remain. These four afterward organized a meeting in the entry of the building, at which no other person was present, and elected themselves and another directors. The laws of the corporation required the meetings and elections of the company to be held at the regular office of the company, and do not re-

quire a stock vote except for the election of directors. If the election held by the stockholders who remained at the meeting was void because a majority of the stock was not represented, that held by those who withdrew was irregular in every respect. If neither election was valid under the laws of the corporation, the old board of directors held over, and they are the same persons who were elected at the first meeting.

The decree is reversed and all proceedings under it are set aside, and the bill is dismissed with costs to be paid by the appellees.