Bedford Springs Co., Appellant, *v.* McMeen et al.

*Equity—Corporations—Election of officers—Quo warranto.*

A bill in equity to compel the surrender of the property of a corporation cannot be sustained where it appears that the real question in controversy is the validity of the election of the defendants as officers of the corporation. In such a case quo warranto is the appropriate remedy.

Argued May 9, 1893. Reargued May 8, 1894. Appeal, No. 466, Jan. T., 1893, by plaintiff, from decree of C. P. Bedford Co., Feb. T., 1892, No. 1, dismissing bill in equity against Robert McMeen et al. Before GREEN, WILLIAMS, McCOLLUM. DEAN and FELL, JJ., on reargument. Affirmed.

Bill to compel surrender of corporate property.

The bill averred substantially as follows: The Bedford Springs Co. was incorporated in 1887 under the general corporation act of April 29, 1874, and the supplements thereto; by the charter or articles of association, and the by-laws of the company, the principal office of the company was fixed at the hotel at Bedford Springs, Bedford township, Bedford county, Pennsylvania; by the by-laws the annual meeting of the stockholders for general purposes and for the election of directors

shall be held on the last Tuesday of October at 2 o'clock P. M., in each year at the principal office of the company, of which meeting at least ten days' notice shall be given by the secretary, either by publication in one or more newspapers of the city of Pittsburg or by written notice to each member; Tuesday, Oct. 25, 1892, at 2 o'clock P. M., at the hotel, Bedford Springs, county and township of Bedford, Pennsylvania, was the time and place for the general meeting of stockholders for the year 1892.

The capital stock of the company was $300,000, divided into 6000 shares, and stockholders owning or representing 3290 shares of the capital stock organized the annual meeting at the Bedford Springs hotel on Oct. 25, 1892, at 2 o'clock P. M., and in accordance with the by-laws duly elected Jesse Hilles, Samuel Bancroft, Jr., James M. Bailey, R. Sewell Wright, James P. Colfelt, Spencer M. Janney, Samuel Heilner, Johns Hopkins, Joseph R. Embery and A. M. Neeper directors for the year beginning Oct. 25, 1892; the board so elected organized, electing Samuel Bancroft, Jr., president; Jesse Hilles, vice president, and Joseph.R. Embery, secretary and treasurer; the secretary and treasurer of the board so elected made demand on the retiring board for the effects of the company, which the defendants in the bill refused to deliver him.

The directors whose term was about expiring, with certain exceptions, illegally changed the time and place of the annual meeting as to the hour and place, fixing it at 1 o'clock at the Waverly Hotel, Bedford, instead of 2 o'clock at the Bedford Springs Hotel on Oct. 25, 1892, and certain of the stockholders, in compliance with notice from E. S. Doty, secretary, whose term was about expiring, assembled at Hotel Waverly, on Oct. 25, 1892, not at 1 o'clock, but subsequently thereto, and after due notice to and preparations by said stockholders at Hotel Waverly to attend the meeting at the Bedford Springs Hotel; the amount of stock represented at the meeting at the Hotel Waverly was 2700 shares, and all acts and things done thereat as the corporate acts of the Bedford Springs Co. were illegal and void; the directors elected at the Hotel Waverly meeting organized and had possession of the personal property of the company and were using and controlling the same, refusing to deliver it to plaintiffs, the duly elected officers of the company.

The bill prayed that defendants be ordered to deliver the property of the Bedford Springs Co. to its duly elected officers ; that defendants be enjoined from intermeddling with the affairs of the company ; that the Hotel Waverly meeting be declared illegal and void ; and such further equitable relief as would be proper.

The answer denied that the suit was brought by plaintiff company, and averred that defendants, together with Jesse Hilles and Samuel Bancroft, Jr., are the officers and directors, de jure and de facto of plaintiff company.

The answer further denied that the meeting held at Hotel Waverly was illegal, and alleged that the persons elected at that meeting were the legal officers of the company.

The case was heard on bill and answer, and, after argument, the bill was dismissed.

*Error assigned* was above decree.

A. M. Neeper and Alexander King, for appellant, cited: Act of June 16, 1836, P. L. 789; Kerr v. Trego, 47 Pa. 292; Kisor's Ap., 62 Pa. 435; Roshi's Ap., 69 Pa. 462; Johnston v. Jones, 23 N. J. Eq. 216 ; Bank v. Burnet Mfg. Co., 32 N. J. 236.

John H. Jordan, Wm. J. Baer with him, for appellees, cited: Cook on Stocks, § 615; New England Co. v. Phillips, 141 Mass. 535; Smith v. Jackson, 45 Pa. 59; Com. ex rel. Gordon v. Graham, 64 Pa. 339; Gilroy's Ap., 100 Pa. 5.

OPINION BY MR. JUSTICE GREEN, May 21, 1894:

While it is true that the bill in this case was brought to compel the delivery of the property of the company, yet the real controversy as set forth in the bill and answer is upon the validity of the election of the defendants as directors of the company. If they were lawfully elected, the plaintiff has no case and is not entitled to the property claimed. Their title to the office of directors is therefore the real question at issue. All the averments of the bill tend to this one subject. Another election of other persons is asserted to have been the only lawful election, and the election of the defendants is alleged to have been unlawful. Thus the title of the one set of directors

or of the other forms the matter of contention, and the right to have possession of the property in question is only incidental to the right to the office. The appellees aver that the question of the title to the office cannot be tried by a proceeding in equity, but that the exclusive remedy is by a writ of quo warranto. We think this point is well taken. In Updegraff v. Crans, 47 Pa. 103, we held that a bill in equity for an injunction to restrain borough officers from entering upon official duties, under an alleged illegal appointment of town council, will not lie—that the remedy is at law by quo warranto. THOMPSON, J., delivering the opinion, said: " The complainant below mistook the remedy for testing the rights of the several persons claiming to be borough officers under the appointment of the borough council on the 15th of June last. Quo warranto is the specific statutory remedy for such a case. . . . This specific remedy at law ousts the equitable jurisdiction of the case."

In Commonwealth v. Graham, 64 Pa. 339, we held that quo warranto is the proper remedy against persons usurping the office of trustees of a chartered church. It was a proceeding to test the title of the whole board and turned upon the validity of their election.

In Gilroy's Appeal, 100 Pa. 5, a bill in equity was filed for an injunction to restrain the defendants from exercising the office of school directors. We said: " The practical controversy is over the title to the office of school director of the borough of Archbald. The bill alleges the title of the plaintiffs, and denies the title of the defendants, and prays for an injunction to restrain the latter from exercising the office, or performing the duties of school directors of said borough. . . . We cannot conceive how the merits of the bill can be determined in the face of such an affidavit, without inquiring into the validity of the title claimed by the defendants to the office in question. But it is perfectly clear that such a question cannot be tried in such a proceeding. The statutory remedy is not only adequate but it is exclusive. 2 Purd. 1206–1209. The title to this office is in dispute and like all other cases of disputed right is subject to the rule that an injunction will not be granted until the question of right is settled at law. . . . The case of Kerr v. Trego, 11 Wr. 292, is not applicable to this either in its facts or in the principles which controlled it."

The cases of Kisor's Appeal, 62 Pa. 435, Roshi's Appeal, 69 Pa. 462, and Henry v. Deitrich, 84 Pa. 286, cited by appellant, are in no sense analogous to the present. They involved questions of property which had become complicated by dissensions among the members of the organizations. Questions of election were not raised or decided. The same is true of Kerr v. Trego. The right to quell a disturbance in councils made by disorderly persons was the chief subject of contention. The subject of the validity of the election of the incoming members was not discussed or decided.

We think that the question in the present case was exclusively the validity of the election of the board of directors, and as to that the want of equity jurisdiction to determine the title has been too frequently decided to be disregarded now.

The judgment is affirmed and appeal dismissed at the cost of the appellants.