# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Deal, Appellant, v. Miller.

*Equity jurisdiction—Corporations—Election of directors—Validity of election—Fraud—Mismanagement—Quo warranto—Injunction.*

1. Where in proceedings in equity the determination of the validity of a corporate election is an incidental question arising in consequence of a substantive complaint of which equity has jurisdiction, a court of equity has power to pass upon the validity of such election, but where the real controversy fundamental to all other questions raised in the bill is upon the validity of the election, quo warranto is the proper remedy and an injunction will not be granted.

2. Where a bill in equity brought by the owners of a majority of the stock of a corporation against certain minority stockholders who claimed to have been elected directors, alleged that the election of the defendants was illegal because the stockholders voting at such election did not represent a majority of the stock, and fraudulent because one of the plaintiffs was wrongfully prevented from voting certain stock owned by him, causing the withdrawal from the meeting of such plaintiff, together with others, and leaving but a minority representation of the stock to conduct the election, and prayed that the defendants be restrained from interfering with or molesting the manager, one of the plaintiffs, in the management of the company's business, and that the court direct a new election, but there was no averment that the defendants were seeking to get possession of the property of the corporation with a view to its mismanagement, or in any way to control it to the prejudice of the stockholders, the court did not err in dissolving a preliminary injunction and dismissing the bill.

Argued March 10, 1914. Appeals, Nos. 29 and 59, Oct. T., 1914, by plaintiffs, from decree of C. P. Butler Co., Dec. T., 1913, No. 2, in equity, dissolving preliminary injunction and sustaining demurrer to bill in case of Levi Deal, Emanuel Berkley, Ezra Deal, Calvin Deal, A. J. Willison, Henry F. Brant, James M. Deal, and Gertrude Brant v. Perry C. Miller, H. L. Miller, Fred Roe, C. J. Roe, E. M. Beachley, W. N. Moser, J. C. Reed and Erie Coal and Coke Company, a Corporation. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Bill in equity for injunction and to order a new election of directors of a corporation.

GALBREATH, P. J., filed the following opinion:

The individual defendants are the acting directors of the Erie Coal and Coke Company, a corporation, under the laws of Pennsylvania, whose place of business is Somerset, Pennsylvania, but whose plant is located and its operations carried on at Ferris, in Butler County, said State. Its manager for several years last past has been Levi Deal, one of the plaintiffs herein, who, together with the other plaintiffs, are the owners of a majority of the stock of said corporation. The individual defendants, claiming to have been elected, as directors of said corporation at a stockholders' meeting held on the 23d day of August, 1913, are seeking to effect a change in the management of their said plant, and on said 23d day of August, 1913, served written notice upon said Levi Deal to quit the management of said company and to turn over the books, moneys, contracts and business thereof to the said directors; to themselves as directors of said corporation. This Deal refuses to do, claiming that the alleged election of said defendants, as directors, was illegal and fraudulent. Illegal, because the stockholders voting at said election did not represent the majority of the stock of said corporation, and fraudulent be-

cause said Deal was wrongfully prevented from voting certain stock owned and held by him at the time of said election. In order to an adjudication of the question so presented, the pending bill was filed by the plaintiffs therein, praying that the defendants be restrained from interfering with or molesting the manager, Levi Deal, in the management and operation of said company's business or from taking possession of the same, and asking the court further, to direct an election of a board of directors for said company and supervise the same and for that purpose to appoint a master to hold said election and also that a receiver be appointed for the purpose of conducting the business of said corporation, pending the final decree.

While it is true that the bill in this case was brought to prevent any interference on part of defendants with the management of said property by said Levi Deal and to order an election, as above set forth, yet, the real controversy fundamental to all other questions raised in said bill is upon the validity of the election of the defendants, as directors of said company. If they were lawfully elected, they are entitled to the control and management of the property of the corporation and cannot be interfered with in their efforts to so control and manage it. On part of the defendants it is contended that the question thus raised cannot be determined on a bill in equity, but must be adjudicated on a writ of quo warranto in a court of law and not in equity.

Speaking generally, equity will not interfere by way of injunction except where the right of the complainant is clear or is admitted or has been adjudicated on the law side of the court. In the pending case the defendants do not admit the plaintiffs' right, neither has it been adjudicated in any proceeding at law and unless it appear clearly from the matters alleged in the plaintiffs' bill, it is quite evident that a court of equity cannot interfere.

There is no averment that the defendants are seeking to get possession of the property of the corporation with

a view to its mismanagement or to waste it or in any way to control it to the prejudice of the stockholders of the company. The only complaint is that at a meeting of the stockholders, held at a proper time and place, one of the plaintiffs was prevented from voting certain stock he claimed the right to vote and that thereupon he, together with others of the plaintiffs, withdrew from said meeting, leaving but a minority representation of the stock to conduct the election. That an election was actually held under these circumstances is not denied, and for the purpose of a decision of the question now before us, it must be assumed to be true, and if we assume not only that the election was by a minority of the stock of the corporation, but also that Levi Deal, aforesaid, was fraudulently prevented from voting certain stock held by him, yet, we do not still avoid the fact that an election was actually held at which the defendants were elected by the stock there represented to the directorate of the corporation. Had an application been made to a Court of Equity in advance of such election setting forth that it was the purpose and design of those who would be in charge of said election to fraudulently prevent the voting of stock held by certain stockholders, or that there was reasonable apprehension of disorder or fraud at said election, a Court of Equity would on a proper showing of these facts have put forth its hand to stay the threatened wrong. In the case of Jenkins v. Baxter, 160 Pa. 199, the election was had by a minority representation of the stock.

There was a controversy as to the right of certain stockholders to vote certain shares of stock held by a trust company. The plaintiffs in the bill and their associates withdrew from the meeting and elected a board of directors. The others, representing a minority of the stock, remained and elected the defendants in the bill as directors of the company. A bill was filed by those elected by the withdrawing stockholders asking that they be declared elected and asking that a new election be

held under the direction of a master. A demurrer was filed setting up that the validity of the election could not be decided in a Court of Equity. The demurrer was overruled by the lower court. On appeal, however, the action of the court in overruling the demurrer was reversed. In disposing of the question the court says: "It was the right of the plaintiffs to contest the validity of this election, if they so desired, but the method was by writ of quo warranto, as provided by the Act of June 14, 1836 (P. L. 621)." To the same effect is the decision of the court in the case of Bedford Springs Company v. McMeen, 161 Pa. 639. In that case the bill was brought to compel the delivery of the property of the company to the plaintiffs therein, who were the duly elected officers of the company. The court held that the real question at issue was the validity of the election of the defendants, as officers of the corporation and that this could only be determined by quo warranto. We have examined with some degree of care the authorities cited by counsel for the plaintiffs and defendants herein, as well as such other authorities as were available, but do not find any decision which will warrant the court in passing upon the validity of the election of the defendants in a proceeding in equity. Were the determination of the validity of such election an incidental question arising in the consideration of a substantive complaint of which equity had jurisdiction, the matter would be wholly different, but as already said, the real question at issue and the fundamental one herein is the validity of the election of the defendants, as directors of the company. Nor do we think that the allegation contained in the plaintiff's bill that Levi Deal, one of the plaintiffs, was fraudulently prevented from voting certain stock held by him, is sufficient to give equity jurisdiction after the election has actually taken place, although such a wrong might have been prevented in advance, by the exercise of equitable powers. The reason for the difference we apprehend is this, that before the threatened wrong

has been consummated, there is no remedy at law to prevent it and recourse can only be had to equitable remedies, but after the election has been held and even if fraud has entered into it, the whole question of its validity can be ascertained and declared in a proceeding on the law side of the court. That is, by quo warranto.

It may be observed that in some of the States of the Union, by statutory enactment, Courts of Equity are given jurisdiction to determine the legality of the election of corporate officers, notably in the states of New York and New Jersey. We have not, however, been able to find a single case wherein the validity of an election of corporate officers can be adjudicated on a bill in equity, except where such statutory provision exists. Under these circumstances we deem it the duty of the court to grant the motion of defendants' counsel and dissolve the preliminary injunction heretofore issued, which is done accordingly.

The court dissolved the preliminary injunction, and on demurrer dismissed the bill. Plaintiffs appealed.

*Errors assigned* were in dissolving the preliminary injunction and dismissing the bill.

*T. C. Campbell,* with him *A. M. Christley,* for appellants.

*J. A. Berkey,* with him *John P. Greer, Thomas H. Greer* and *C. L. Shaver,* for appellees.

PER CURIAM, March 30, 1914:

Appeal No. 29 is from a decree dissolving a preliminary injunction restraining the defendants from interfering with the management of a corporation of which they had been elected directors. Appeal No. 59 is from a decree sustaining the defendants' demurrer and dismissing the bill. The controlling question, the power of a court of equity to determine the validity of the election,

is the same in each appeal. Nothing can be added with profit to what has been so well said by the learned judge of the Common Pleas on whose opinion we affirm both decrees at the cost of the appellants.