Cella et al. *v.* Davidson et al., Appellants.

Argued April 24, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Ardemus Stewart* and *John Lamon,* for appellants.— The chancellor and the court below erred in entertaining jurisdiction of this suit, and in granting the relief prayed for, because the bill set up, and the plaintiffs endeavored to sustain at the hearing, three separate and distinct causes of action, of two of which equity has no jurisdiction, except as incidental to some recognized ground of equitable jurisdiction, and as to the third, which was of equitable jurisdiction, the final decree did

not grant relief. A court of equity has no jurisdiction in a case of contested right to the possession of an office: Hagner v. Heyberger, 7 W. & S. (Pa.) 104; Updegraff v. Crans, 47 Pa. 103; Gilroy's App., 100 Pa. 5; Goldsworthy v. Boyle, 175 Pa. 246; Brower v. Kantner, 190 Pa. 182; McDowell v. Wilson, 252 Pa. 91; Gallagher v. McAdams, 49 Pa. Superior Ct. 81.

Equity has no jurisdiction to call an election, or to appoint a judge to conduct it, in the absence of some special ground for equitable interference, was held flatly in one of the cases cited by counsel for the complainants: Lutz v. Webster, 249 Pa. 227.

The appointment of a receiver is only incidental to other equitable causes of relief within the statutory grant of jurisdiction: Hogsett v. Thompson, 258 Pa. 85.

The rule that when equity has once acquired jurisdiction it can settle the entire controversy applies when the main subject of controversy is of equitable cognizance, and only to such matters not of equitable cognizance incidental and necessarily connected with that main subject. Graeff v. Felix, 200 Pa. 137; Williams v. Fowler, 201 Pa. 336.

The bill should have been dismissed, because of the misjoinder of actions, or the first two causes of action should have been disregarded as surplusage, and the court have proceeded to hear only the claim for an injunction. And as it did not do either, but proceeded to hear and decide only the first two causes of action, of which, as a court of equity, it had no jurisdiction, and ignored the claim for an injunction, the decree should be reversed: Lewis v. Cregor, 73 W. Va. 564.

It is not too late to object to the jurisdiction of the court: for (a) the rule that multifariousness cannot be objected to unless raised before answer on the merits is not only not inflexible, but does not apply to a misjoinder of causes of action; and (b) the Act of June 7, 1907, P. L. 440, applies only to questions of jurisdiction of the form of action as between law and equity, and not

392

to cases such as the instant case, where the questions are as to jurisdiction of the subject-matter: Rutherford Water Co. v. Harrisburg, 297 Pa. 33.

*John A. Mawhinney*, with him *Henry A. Craig*, for appellees.—Equity having jurisdiction as to part of a controversy will afford complete relief: Epstein v. Ratkosky, 283 Pa. 168; Schermer v. Wilmart, 282 Pa. 55; Miron v. Percheck, 279 Pa. 456; Carney v. Oil Co., 291 Pa. 371.

Defendants by going to hearing on the merits without raising any question of the propriety of including in the proceedings in equity matters which if taken separately should have been the subject of quo warranto, or mandamus, are barred from raising such question after adjudication on the merits: Magen v. Neiman, 301 Pa. 164; Fidelity-Phila. Trust Co. v. Simpson, 293 Pa. 577; Bank of Pitts. v. Purcell, 286 Pa. 114; Tide Water Pipe Co. v. Bell, 280 Pa. 104.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1931:

The plaintiffs in this bill in equity are members of subordinate lodges of Fraternal Order of Beavers. The bill sets forth that there are approximately 16,000 members of the order. It is recited that to aid more effectually in the financial assistance to be rendered to the members each individual member of each lodge upon his entrance therein becomes a member of the Beaver Beneficial Association, a Pennsylvania corporation, which receives the sum of twenty cents from each member monthly, to become part of a fund out of which, upon the death of any member, the sum of $200 is paid to the lodge to which he belonged as trustee for his beneficiaries. In addition there is the opportunity open to members who pay thirty-five cents per month to increase the death benefit to $300. It is set forth in the bill that the individual defendants were officers of the association, having been elected September 7, 1928, that under the by-laws

of the association its officers must be members in good standing in the association through membership in a lodge of Fraternal Order of Beavers and that the individual defendants have not been members in good standing in any such lodge since January 18, 1929, and have seceded from the lodge of which they were members. It was averred that a number of lodges in accordance with the by-laws had petitioned the board of directors of the association to call a meeting for the purpose of reorganizing it, and that the officers and directors had refused to call the meeting, and that the defendants as officers and directors have continued to operate the business of the association contrary to its by-laws in that they have made a demand upon all members to increase the monthly dues from twenty cents to twenty-five cents and the special dues from thirty-five cents to seventy-five cents per month and moreover have refused to accept applicants for benefits who are over forty-five years of age, in violation of the by-laws. It is charged in the bill that the defendants are illegally occupying the offices which they hold in the association and thereby have caused uncertainty among the members as to the status of the defendants and as to the payments to be made by the members for the purpose of obtaining benefits. The prayers of the bill are that the defendants be restrained by injunction from enforcing the collection of more than twenty cents per month from the individual members of the lodges of Fraternal Order of Beavers and more than thirty-five cents per month for the special insurance and compelling the defendants to accept these sums from all lodge members not more than fifty years of age in accordance with the by-laws of the association; that a receiver be appointed to accept all money payable to the association and to make necessary disbursements until new officers of the association are chosen; that the defendants be ordered to vacate the offices which they hold in the association; and that a special meeting of the

members of the lodges be held for the purpose of electing officers.

After answer and hearing the court entered a final decree: that the defendants vacate their offices; appointing a receiver to carry on the business of the association until new officers are elected; directing that a special meeting be called for the purpose of electing officers in compliance with the by-laws; appointing a judge for the election; and directing that the assessments due in accordance with the by-laws be collected by the receiver.

From the decree so entered the defendants appeal, claiming that the court as a court of equity was without jurisdiction to oust them from their offices, that the proper proceeding to bring this about was at law by quo warranto; that it was also without authority to order an election, that mandamus was the remedy for this; and that as to the only matter over which the chancellor had jurisdiction, the enjoining of the collection of dues in excess of twenty and thirty-five cents a month, no relief was granted, and, therefore, the whole proceeding must fall.

It can not be disputed that a court of equity has no jurisdiction in a case of contested right to the possession of a public office. The remedy in such a case is exclusively by quo warranto: Hagner v. Heyberger, 7 W. & S. 104; Updegraff v. Crans, 47 Pa. 103; Gilroy's App., 100 Pa. 5; Goldsworthy v. Boyle, 175 Pa. 246; Brower v. Kantner, 190 Pa. 182. This rule applies where the title of an officer of a corporation is contested and that is the real question in this case: Jenkins v. Baxter, 160 Pa. 199; Bedford Springs Co. v. McMeen, 161 Pa. 639; Dayton v. Carter, 206 Pa. 491; McDowell v. Wilson, 252 Pa. 91. Although the determination of the validity of a corporate election is but incidental to a substantive complaint of which equity has jurisdiction, yet it may have power to pass upon the validity of the election: Deal v. Miller, 245 Pa. 1. Here one of the substantive questions involved, indeed almost the controlling

one, is the defendants' right to occupy the offices they hold. Equity has no power to remove an officer of a private corporation: Whyte v. Faust, 281 Pa. 444.

So far as the holding of an election for officers of the corporation is concerned, it must be conceded that the proper remedy to compel this is by mandamus: 38 C. J. 798; Com. v. Keim, 15 Phila. 1. While it is true, in Lutz v. Webster, 249 Pa. 226, a bill in equity was upheld which ordered a corporate election, the circumstances in that case were exceptional and unique and the real purpose of the proceeding was to set aside an improper by-law and thus bring about a meeting of the corporation.

A court of equity cannot acquire and retain jurisdiction of matters not justiciable before it, such as the removal of corporate officers or the direction of corporate election, through the medium of another matter pleaded within its cognizance but as to which after hearing it does not act and grants no relief: Ahl's App., 129 Pa. 49, 61, 62.

Appellees argue that the principle applies that equity having jurisdiction as to part of a controversy will round it out and afford full relief. This principle would apply if the court had proceeded to adjudicate the matter over which it had jurisdiction and as incidental to complete relief in respect to it had disposed of the other matters averred in the bill, but here, as before stated, the court did not act upon the matter which gave it dominion over the case, but only on the incidental subjects over which in themselves it was without power.

We are of opinion that the Act of June 7, 1907, P. L. 440, has no application to the situation before us. It provides that the question of jurisdiction shall be raised by demurrer or answer so stating and that otherwise the cause shall proceed to final determination with the same effect as if upon hearing before the court without a jury. Here the court had jurisdiction, under one phase of the controversy pleaded, but, until relief was not meted out as to that, the lack of jurisdiction was not

manifest. Jurisdiction did not attach to the controversy, as the court below seemed to think it did, under section 13 of the Act of June 16, 1836, P. L. 784, giving courts of equity supervision and control of corporations. This does not bestow jurisdiction as to remedies adequate at law. Where a remedy is provided at law it must be strictly pursued: Williamsport v. Citizens' Water & Gas Co., 232 Pa. 232; United Drug Co. v. Kovacs, 279 Pa. 132.

The decree of the court below is reversed at the cost of appellees without prejudice to their right to invoke such other remedy as may be open to them.