Coleman, Admr., et al. *v.* Huffman et al.,
Appellants.

Argued January 3, 1944. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*E. D. Preate,* with him *J. Julius Levy* and *William J.
Maxey,* for appellants.

*David B. Skillman,* with him *Detleff A. Hansen* and
*George P. Shafer,* for appellee.

OPINION BY MR. JUSTICE HUGHES, March 20, 1944:

The suggestion for a writ of quo warranto in this
case sets forth that a charter of incorporation, to bear
the name "Marshall Realty Corporation", was granted
by the Commonwealth of Pennsylvania to W. B. Eilen-
berger, Harvey Huffman, and Leona E. Evans, on Au-
gust 2, 1929, for the purpose of owning, selling and leas-

ing real estate. The shares of stock were subscribed as follows: Harvey Huffman, eight shares; W. B. Eilenberger, one share; Leona E. Evans, one share. These same three parties were chosen as directors for the first year. Certain valuable property was conveyed by Harvey Huffman to the corporation, for which he received 30 shares of capital stock. On November 30, 1938, Harvey Huffman died, intestate, and Jay Huffman was appointed administrator of his estate. On January 12, 1940, Jay Huffman voted the stock of Harvey Huffman, deceased, at a meeting of the corporation and elected as directors, Jay Huffman, Ira A. LaBar and David B. Skillman, who immediately thereafter organized, with David B. Skillman, President, Jay Huffman, Treasurer, and Ira A. LaBar, Secretary. A certificate for 30 shares of stock was issued and delivered to Jay Huffman as administrator of Harvey Huffman, deceased. On December 19, 1940, Jay Huffman died, and at a meeting of the Board of Directors, held on December 23, 1940, N. Leslie Huffman was elected Director and Treasurer. On January 30, 1941, Chester A. Coleman was appointed Administrator d. b. n. of the Estate of Harvey Huffman, deceased. On February 14, 1941, without notice to the shareholders of the Marshall Realty Corporation, Norman Huffman, Harold C. Edwards, and others, none of whom were shareholders of the Marshall Realty Corporation, met and attempted to elect directors for the corporation, purporting to elect Norman Huffman and Harold C. Edwards as Directors. On the same day, these alleged Directors met and purportedly elected Norman Huffman, President, and Harold C. Edwards, Secretary and Treasurer of the Marshall Realty Corporation. Thereafter, by resolution of the Board of Directors of the corporation, this action of quo warranto was authorized, setting forth that persons owning no stock in the corporation "intruded into, usurped, exercised and still do exercise the office, rights, duties, powers and prerogatives" of directors of the corporation. That these

parties "usurp upon your relators herein to the great damage and prejudice of your relators." It is asked that Norman Huffman, Harold C. Edwards, and others unlawfully returned as elected members of the supposed Board of Directors, be made to answer the relators by what warrant they claim the right to act as officers and directors of the Marshall Realty Corporation.

A rule to show cause why the writ of quo warranto should not be quashed was issued, which rule was answered and the questions raised therein were argued before the court. On August 30, 1943, the motion to quash was refused, the rule discharged, and the respondents given fifteen days in which to answer. From this order, appellants caused a certiorari to issue, bringing the case before us.

Without going into the questions raised by the pleadings, it appears from the record that the court below gave a hearing to the appellants, listened to their arguments, examined the pleadings, and concluded their motion to quash should be refused. He then discharged the rule and gave them fifteen days to answer. There is no complaint to the court below that testimony was not taken or that anything was desired other than the presentation of their legal position in regard to the averments of the suggestion for quo warranto. We are of the opinion the learned judge was correct in concluding that sufficient facts were set forth in the pleadings to require the respondents to answer and try the case on its merits. As was aptly stated in the opinion of the court below, "The relators were in, the respondents had the remedy of quo warranto to test the right of the relators to hold the offices and manage the corporation, but they chose rather to take the matter into their own hands. To prove their right, there is no method open except by the proceeding here pending." See *Jenkins et al. v. Baxter et al.*, 160 Pa. 199, 28 A. 682; *Bedford Springs Co. v. McMeen et al.*, 161 Pa. 639, 29 A. 99; *Hanna et al. v. Chester Times et al.*, 310 Pa. 583, 587, 166 A. 243.

As the record stands, the order from which this appeal was taken is interlocutory. It provides only, "The motion to quash is refused and the rule discharged and the respondents are given fifteen days in which to answer." The law aims to dispose of litigation by a single appeal, and preliminary orders are not appealable in advance of final judgment except where so made by statute: *Lewis v. Beatty,* 306 Pa. 242, 245, 159 A. 441. Unless there exists such a statute, an appeal will lie only from a definite order, decree, or judgment which finally determines the action: *Lauer et al. v. Lauer Brewing Co.,* 180 Pa. 593, 37 A. 87; *Watkins v. Hughes,* 206 Pa. 526, 56 A. 22; *Griffiths v. Monongahela R. R. Co.,* 232 Pa. 639, 81 A. 713; *Paul v. Smith,* 343 Pa. 63, 21 A. (2d) 919. The order entered in this case leaves the way open for further proceedings to determine the cause on its merits. It in no sense disposes of the action.

Appeal quashed; costs to be paid by appellants.