Siranovich et al., Appellants, *v.* Butkovich et al.

Argued March 23, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carl Brandt,* with him *Brandt & Brandt,* for appellants.

*David Olbum,* with him *Sylvan Libson,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, April 22, 1948:

This is a bill in equity by two members of a fraternal union to enjoin newly elected officers of the union from performing the duties of their respective offices, particularly as regards control and administration of finances, and challenging the validity of their election. The chancellor issued a preliminary injunction. Thereafter preliminary objections were filed to the bill asserting an adequate remedy at law. This appeal is from the decree of the court *en banc* (1) dissolving the injunction for the reason that the principal issue involved is the validity of an election for which there was an adequate remedy at law, and (2) certifying the proceedings to the law side of the court to be tried as a writ of *quo warranto.*

The bill in equity avers that: Matthew Siravonich and Mavro Spelic, appellants, are active members of the Crotian Fraternal Union of America and as such members are entitled to certain benefits and have a direct and beneficial interest in the financial affairs of the Union. The seventh convention of the Union was held in Pittsburgh, Pennsylvania, September 15, 1947, to which 307 delegates were accredited. On September 26, 1947, appellees were elected or reëlected to various offices. The incumbent Supreme President of the Union, on October 29, 1947, declared the election invalid and the incumbents the proper officers for the reasons (1) the session lacked a quorum, (2) proper parliamentary rules of order as set forth in the by-laws were not complied

with, (3) the nominations were collusive, and (4) an honest election had not been held. One hundred ninety delegates were present when the election was held although 205 were necessary to constitute a quorum. Certain items of expense paid to each delegate were improper. Confusion exists as regards the proper officers of the Union and if the dispute in that regard is not resolved, further transaction of the business of the Union will be hazardous and funds and assets exposed to irreparable damage and injury.

The necessary affidavits accompanied the filing of the bill. The matter was heard on bill and affidavits November 13, 1947, and a preliminary injunction issued forthwith. After a hearing the preliminary injunction was continued. Thereafter, preliminary objections were filed to the bill asserting an adequate remedy at law, and argument was had thereon before the court *en banc*. The court below concluded that "every matter in controversy and every issue raised, stems from the allegedly invalid election of officers" and held that there was an adequate remedy at law, sustained the preliminary objections, dissolved the injunction and certified the proceedings to the law side of the court, to be tried as upon a writ of *quo warranto*. This appeal followed.

Appellants contend that allegations of diversion of funds, threatened misappropriation, and unauthorized use by persons claiming title to offices in the Union are sufficient for a court of equity to entertain jurisdiction and that validity of the election may be determined as incidental to the same proceeding. This contention is without merit where, as here, the misappropriation or diversion of funds is necessarily dependent upon determination of the right to control those funds—validity of the election.

A court of equity cannot acquire jurisdiction by reason of allegations of matters within its cognizance but which are incidental to and necessarily dependent upon determination of an issue which cannot properly

be heard by it: *Cella v. Davidson,* 304 Pa. 389, 156 A. 99; *Graeff v. Felix,* 200 Pa. 137, 139, 49 A. 758. In *Deal v. Miller,* 245 Pa. 1, 5, 90 A. 1070, this Court said: "Were the determination of the validity of such election an incidental question arising in the consideration of a substantive complaint of which equity had jurisdiction, the matter would be wholly different, but . . . the real question at issue and the fundamental one herein is the validity of the election of the defendants, as directors of the company." *Cella v. Davidson,* supra, is analogous to the instant case. Member policy-holders of a fraternal benefit society secured an injunction to vacate offices held by defendants and a receiver was appointed. The bill alleged that defendants were illegally occupying their offices and had caused uncertainty among the members in the society. This Court reversed and held that the controlling question was the right to occupy the offices and that other matters were incidental thereto. It was said (p. 395): "A court of equity cannot acquire and retain jurisdiction of matters not justiciable before it, such as the removal of corporate officers or the direction of corporate election, through the medium of another matter pleaded within its cognizance but as to which after hearing it does not act and grants no relief: Ahl's App., 129 Pa. 49, 61, 62. Appellees argue that the principle applies that equity having jurisdiction as to part of a controversy will round it out and afford full relief. This principle would apply if the court had proceeded to adjudicate the matter over which it had jurisdiction and as incidental to complete relief in respect to it had disposed of the other matters averred in the bill, but here, . . . the court did not act upon the matter which gave it dominion over the case, but only on the incidental subjects over which in themselves it was without power."

The court below properly stated ". . . it is not con-tended that members of the Union are deprived of the right to seek equity's intervention. A suit to prevent the wrongful diversion of funds or the fraudulent use

of funds would be such a situation; but that is not the situation in the instant case; here it is the right to administer the affairs of this Union and to hold the offices to which they claim to have been elected that is involved . . . the other matters are wholly the outgrowth of the disputed election. We are, therefore, of the opinion that the [appellants] must be relegated to their action at law, namely, to proceed by a writ of *quo warranto.*"

The order of the court below is affirmed and the record remitted for further proceedings in accordance with the order appealed from. Costs to abide final disposition.