Helsel *v*. Rodgers et al., Appellants.

Argued April 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Paul S. Foreman,* with him *Leo C. Mullen* and *Mullen, Casanave & Foreman,* for appellants.

*Marvin L. Wilenzik,* with him *Eugene Cimino,* for appellees.

OPINION BY MR. JUSTICE COHEN, October 9, 1970:

These are appeals from two orders of the Court of Common Pleas, Equity Division, of Clearfield County dismissing preliminary objections to two complaints in equity. One action, at No. 361 January Term, 1970, concerns the affairs of Long's Dairies, Inc. The other, at No. 362 January Term, 1970, concerns the affairs of Laurel Co-operative, an Agricultural Association.[1]

After the complaints were filed, the Long's appellants filed preliminary objections alleging that equity was without jurisdiction because quo warranto was the proper remedy, that the issue should have been tried in Blair County in which the principal office of the corporation was located and that there was no venue in Clearfield County because there had been no service on any defendant within that county. The Laurel appellants filed preliminary objections alleging that quo warranto rather than a complaint in equity was the proper remedy and that the jurisdiction for such was in Blair County alone and secondly that there was no venue in Clearfield County because there had been no service on any defendant within that county. The court below felt the issues should not be decided upon the pleadings alone and that a hearing should be held. It therefore entered two orders dismissing the prelimin-

---

[1] In order to avoid confusion we shall refer to the plaintiffs in the Long's action as the Long's appellees and to the defendants in that action as the Long's appellants. Similarly, in the Laurel action we shall refer to the plaintiffs as the Laurel appellees and to the defendants as the Laurel appellants.

518

ary objections without prejudice and directing the filing of answers within twenty days.[2]

The background of the Long's Dairy dispute is as follows. As a result of a dispute between shareholders a special board of directors was created on December 15, 1965 to serve for a three year term in order to resolve the difficulties. This attempt was unsuccessful, and the board expired on December 15, 1968. After that there was a dispute as to how the corporation would be run, and on February 14, 1969 a meeting was held at which thirty-one out of the forty-one shareholders were represented. At this meeting the Long's appellees were chosen as directors; thereafter they attempted to take control of the corporation's affairs.

As to Laurel Co-operative, no directors had been elected in 1966, 1967 and 1968, and twenty members undertook to organize a special meeting early in 1969. That meeting was held on March 17, 1969, and the twenty-seven members present unanimously elected the Laurel appellees directors. When the Laurel appellees attempted to take control of the co-operative, they met opposition from the Laurel appellants who were its manager and accountant.

The initial question we must face is whether the Long's appellants and the Laurel appellants have raised a jurisdictional question within the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. In their preliminary objections both sets of appellants alleged that because this action was a test of title to corporate office the proper venue was Blair County rather than Clear-

---

[2]As Pa. R. C. P. 1028c states "The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise," the lower court erred in delaying a final decision on the preliminary objections. However, we need not remand for a final determination of this question because the record as it now stands makes clear the proper disposition of these appeals.

field County. We have recently held that objections to venue are jurisdictional and orders relating thereto are appealable under the Act of 1925. *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 246 A. 2d 384 (1968); *Gaetano v. Sharon Herald Company*, 426 Pa. 179, 231 A. 2d 753 (1967). Therefore, these appeals are properly before us.

A careful reading of the two complaints shows that essence of the dispute is the validity of the elections at which the two sets of appellees were elected and thus which group has the right to manage the affairs of the corporations. In the Long's Dairies complaint paragraph two states, "The Defendants are all pretenders to the offices and directorships of said Corporation and have falsely declared themselves to be entitled not only to occupy the titles of directors and officers but to operate and manage the entire business. . . ." Paragraphs 5-15 describe the election, and paragraph eighteen states, "When Defendants learned of this (the election and appellees' attempts to have financial institutions recognize them as the legitimate board) they contacted one Leo Mullen, an attorney, who had at one time represented plaintiffs in their efforts to seek their proper place in the Corporation *much in the manner of what they are presently doing*. . . ." (Emphasis supplied.) Paragraphs 21-25 repeat appellees' contention that they are the rightful officers and directors and that appellants are pretenders who are refusing to relinquish control. Paragraphs 26-30 do allege improper conduct on the part of the appellants in the management of Long's, but this is merely incidental to the question of the validity of the election which is the basis of appellees' claim. *Bedford Springs Co. v. McMeen*, 161 Pa. 639, 29 Atl. 99 (1894). This is not a case such as *Moosic Lakes Club v. Gorski*, 402 Pa. 640, 168 A. 2d 343 (1961) in which the election of officers was incidental to the main thrust of the action. The es-

sence of the relief sought by the Long's appellees is that they be declared the "true and lawful Board of Directors" and that appellants be required to turn over control of the corporation and be expelled from their positions.

A close reading of the Laurel complaint leads to the same conclusion—that what is in issue is who has the right to the various corporate offices. Appellees ask that they be declared the "true and lawful Board of Directors," that appellants be required to turn over all corporate records and render a full accounting and that appellants be forbidden from taking any role in the management of the co-operative.

It is the long-settled law of this Commonwealth that quo warranto is the exclusive method of determining the right of one claiming to exercise corporate office. *Siranovich v. Butkovich,* 359 Pa. 134, 58 A. 2d 461 (1948); *Hanna v. Chester Times,* 310 Pa. 583, 166 Atl. 243 (1933); *Cella v. Davidson,* 304 Pa. 389, 156 Atl. 99 (1931); *Deal v. Miller,* 245 Pa. 1, 90 Atl. 1070 (1914); *Bedford Springs Co. v. McMeen,* supra; *Jenkins v. Baxter,* 160 Pa. 199, 28 Atl. 682 (1894).

Pa. R.C.P. 1112 designates the proper venue for actions of quo warranto, and subsection (c) states "An action brought in the name of a party who has an interest distinct from that of the general public may be brought in and only in . . . (3) the county where a corporation or similar entity has its registered office or principal place of business when the action is against an officer thereof." Paragraph 1 of the Long's complaint states "The plaintiffs are all stockholders, directors and officers of Long's Dairies, Inc., a Pennsylvania Corporation, having its principal place of business in Tyrone, Blair County, Pennsylvania. . . ." Paragraph 9 of the Laurel complaint admits that the offices of the cooperative are in the "Borough of Tyrone, County of Blair, Pennsylvania." Therefore, as both these com-

plaints are in essence actions of quo warranto, Blair County rather than Clearfield County is the proper venue.[3] Since Pa. R.C.P. 1111 provides for the use of assumpsit procedures in quo warranto proceedings and thus, incorporates Rule 1006(e), which provides for transfer to the court of the county of proper venue, into quo warranto proceedings, the court below should have transferred this action in accordance with Pa. R.C.P. 1006(e).

The orders of the court below are vacated and these cases are remanded to the court below for action in accordance with this opinion.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

While I concur in the majority's conclusion that this interlocutory order is appealable under the Act of 1925, I do so because I feel that, since Pa. R.C.P. 1112 goes to the power of the various courts of common pleas to entertain actions in quo warranto, it is more a rule of "jurisdiction" than of "venue." Not all objections to "venue" are similarly appealable. *Caplan v. Keystone Weaving Mills*, 431 Pa. 407, 246 A. 2d 384 (1968).

---

[3]Apparently the Long's appellees realize this for they began an action in quo warranto at No. 5 March Term, 1969, in the Court of Common Pleas of Blair County.