In Re: Butler County Memorial Hospital, a Corporation Not-For-Profit. Arthur Black et al., Appellants.

Submitted on briefs, April 9, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas H. M. Hough,* for appellants.

*James H. McConomy,* with him *William T. Marsh,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JUDGE KRAMER, December 14, 1976:

This opinion is limited to the disposition of the jurisdictional question raised by appellee's Motion to Quash. The appellants are alleged to be former members of the Board of Directors of Butler County Memorial Hospital, a nonprofit corporation. The appellee (Frank E. Rath) is alleged to be one of several newly elected directors of the same institution.

The appellee filed a petition pursuant to 15 Pa. C.S. §7783, praying for an order directing that appellants cease certain actions which interfere with the operation and effectiveness of the new Board of Directors. Section 7783 reads as follows:

Review of contested corporate action

(a) General rule.—Upon petition of any person whose status as, or whose rights or duties as, a member, director, member of an other body, officer or otherwise of a nonprofit corporation are or may be affected by any corporate action, the court may hear and determine the validity of such corporate action.

(b) Powers and procedures.—The [common-pleas] court may make such orders in any such case as may be just and proper, with power to enforce the production of any books, papers and records of the corporation and other relevant evidence which may relate to the issue. . . .

Pursuant to Pa. R.J.A. 2156(1),[1] the appellee's peti-

---

[1] Pa. R.J.A. 2156(1) reads in pertinent part as follows: .

In addition to other matters which by law are to be heard and determined by the *orphans' court* division of a court of common pleas, the division shall hear and determine the following matters:

(1) *Nonprofit corporations*: The administration and proper application of property committed to charitable purposes held or controlled by any domestic or foreign nonprofit corporation

tion under this section was heard by the Orphans' Court Division of the Court of Common Pleas of Butler County. That court found in favor of the appellee and appellants have appealed to this Court. The appellee has filed a Motion to Quash which questions our appellate jurisidiction.

The appellee's Motion is based on Section 202(3) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, 17 P.S. §211.202, which provides as follows:

> The Supreme Court shall have *exclusive* jurisdiction of appeals from final orders of the courts of common pleas in any of the following *classes* of cases:
>
> . . .
>
> (3) Matters decided in the orphans court division. . . . (Emphasis added.)

Section 202(4),[2] however, adds this proviso:

> (4) Actions or proceedings in equity, except such classes of appeals as are . . . by any other act of Assembly hereafter enacted within the appellate jurisdiction of the Commonwealth Court. . . .

The appellants argue that the proceeding in the Orphans' Court Division was "equitable in nature," and that 15 Pa. C.S. §104 is an Act of Assembly subsequent to the ACJA which vests jurisdiction in this Court as

---

and *all matters* arising under Title 15 of the Pennsylvania Consolidated Statutes (relating to corporations and unincorporated associations) or otherwise where is drawn in question the application, interpretation or enforcement *of any law regulating the affairs of* nonprofit corporations holding or controlling any property committed to charitable purposes, or of the members, security holders, directors, officers, employees or agents thereof, as such. (Emphasis added.)

2 Rule 73 of the Supreme Court, effective April 7, 1975, suspends the jurisdiction of the Supreme Court in equity matters and transfers such jurisdiction to the Superior Court. This is of no consequence in the instant case.

contemplated by Section 202(4) of the ACJA. Section 104 reads in full as follows:

## Jurisdiction of courts

(a) Equity jurisdiction. — *Except in cases where a statutory remedy is provided by this title, the court shall have the jurisdiction* and *powers of a court of chancery* so far as relates to the supervision and control of corporations.

(b) Appellate jurisdiction of Commonwealth Court.—

(1) Except as provided in paragraph (2) of this subsection or as otherwise provided in this title, the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following classes of cases:

(i) All actions or proceedings arising under this title or where is drawn in question the application, interpretation or enforcement of any provision of the Constitution, treaties or laws of the United States, or the Constitution of Pennsylvania or any statute, regulating in any such case the corporate affairs of any corporation subject to this title or the affairs of the members, security holders, directors, officers, employees or agents thereof, as such.

(ii) All actions or proceedings otherwise involving the corporate affairs of any corporation subject to this title, or the affairs of the members, security holders, directors, officers, employees or agents thereof, as such.

(2) *Paragraph (1) of this subsection shall not affect the right of direct appeal to the Supreme Court as provided by law, except that actions or proceedings in equity within the scope of subparagraphs (1)(i) or (1)(ii) of this subsection shall*

*not be appealable directly to the Supreme Court
under section 202(4) of the Appellate Court Juris-
diction Act of 1970.* (Emphasis added.)

If the instant proceeding was a "proceeding in
equity" as that term is used in both statutes, the legis-
lative language clearly indicates that this Court should
deem Section 202(4) of the ACJA superseded by Sec-
tion 104, and jurisdiction would properly rest in this
Court. If, on the other hand, we hold that the instant
matter was a "matter decided in the orphans' court
division," as that term is used in Section 202(3) of
the ACJA, this Court will be lacking jurisdiction.

The appellants argue that if we decide that Sec-
tion 202(3) of the ACJA controls, we will be effec-
tively eliminating Section 104(b) from the corporation
laws. We disagree. Section 104(b) only removes
from the Supreme Court's exclusive jurisdiction[3]
"proceedings in equity," which, with respect to cor-
porate affairs, logic dictates are proceedings which
fall within the "equity jurisdiction" granted by Sec-
tion 104(a). Section 104(a) grants to the courts of
common pleas chancery powers "except in cases
where a statutory remedy is provided by this title."
Section 7783 is such a specific statutory remedy. We
recognize that the remedial provision of Section 7783
(b) admittedly authorizes the common pleas court to
grant relief which is equitable in nature. Although
the statutory language is less than clear, we believe
that the jurisdiction granted to this Court in Section
104(b)'(2) does not embrace matters decided pursuant
to a specific statutory remedy such as that provided
by Section 7783, at least to the extent that such mat-
ters are otherwise directly appealable to the Supreme
Court. In the instant case it is only the presence of
Pa. R.J.A. 2156 which provides a basis for Supreme

---

[3] *See* note 2, *supra.*

Court jurisdiction, and Rule 2156 only deals with non-profit corporations.

There can be no serious doubt that the instant case was a "matter decided in the orphans' court division," and properly so under Rule 2156. The only viable argument of appellants must be that the instant case was *both* a "proceeding in equity" as well as a "matter decided in the orphans' court division" and that the conflict should be resolved in favor of this Court having jurisdiction. We cannot agree with this, in light of the existence of a possible interpretation of Section 104 which avoids the necessity of holding that the two provisions of the ACJA, as applied, are in irreconcilable conflict. *See* Sections 1922(2) and 1933 of the Statutory Construction Act of 1972, 1 Pa. C.S. §§1922(2), 1933. We note as well that the first clause of Section 104(b)(2) indicates a desire on the part of the General Assembly that the exclusive jurisdiction of the Supreme Court, if it otherwise exists is to be preserved except in a narrow class of cases.

Accordingly, we

### Order

And Now, this 14th day of December, 1976, the Court having concluded that appellate jurisdiction over the above-captioned matter properly lies with the Supreme Court of Pennsylvania, it is hereby ordered, pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. §211.503(b) and Pa. R.A.P. 751, that the above-captioned matter be and hereby is transferred to the Supreme Court of Pennsylvania; and it is further ordered that the Motion to Quash filed by the appellee in the above-captioned matter is dismissed.