## Appel v. Indian Mountain Civic Association

*George T. McKinley*, for plaintiffs.
*John A. Hiscott*, of *Hiscott and Robinson*, for defendants.

LAVELLE, *P.J.*, December 12, 1978—Defendants' preliminary objections to plaintiffs' complaint in equity present the procedural question as to how to challenge the validity of the seating of a director of a Pennsylvania nonprofit corporation.

Plaintiffs are property owners at Indian Mountain Lakes in Penn Forest Township and are members of defendant Indian Mountain Civic Association, a Pennsylvania nonprofit corporation. Plaintiffs, in their complaint, attack the lawfulness of the appointment of defendant, Robert A. Podd, Jr., as a member of the board of directors of the defendant association to fill a vacancy in the office of director created by the resignation of an incumbent director. Plaintiffs' complaint originally named the association as the sole defendant.

The association filed preliminary objections raising two issues: first, that plaintiffs have an adequate statutory remedy at law in the form of an

action of quo warranto; and second, that the association was an improper party defendant. Thereafter, plaintiffs joined Robert A. Podd, Jr., as an original defendant. Defendant Podd has now filed preliminary objections to the complaint raising the jurisdictional question as well as joining a motion for a more specific pleading, complaining that there is no separate count or prayer for relief against him as required by Pa.R.C.P. 1020(a).

## DISCUSSION

We agree with defendants' contention that generally quo warranto is the exclusive method in Pennsylvania of challenging the appointment or election of a corporate officer or director: Helsel v. Rodgers, 440 Pa. 516, 269 A. 2d 917 (1970); Siranovich v. Butkovich, 359 Pa. 134, 58 A. 2d 461 (1948); Cella v. Davidson, 304 Pa. 389, 156 Atl. 99 (1931).

However, in the case of a nonprofit corporation, the validity of any corporate action may be tested by the provisions of section 7783 of the Act of November 15, 1972, P.L. 1063, 15 Pa.C.S.A. §7783, which provides as follows:

"§7783—*Review of Contested Corporate Action*

"(a) *General rule.* — Upon petition of any person *whose status as*, or whose rights or duties as, a member, *director*, member of an other body, officer or otherwise of a nonprofit corporation are or may be affected by any corporate action, the court may hear and determine the validity of such corporate action. (Emphasis supplied.)

"(b) *Powers and procedures.* —The court may make such orders in any such case as may be just and proper, with power to enforce the production of

any books, papers and records of the corporation and other relevant evidence which may relate to the issue. The court shall provide for notice of the pendency of the proceedings under this section to all persons affected thereby. If it is determined that no valid corporate action has been taken, the court may order a meeting to be held in accordance with section 7782 of this title (relating to proceedings prior to corporate action)."

The definition of "corporate action" as set forth in section 7781 of the act includes: "The election, appointment, designation or other selection and the suspension, removal or expulsion of members, directors, members of an[1] other body or officers of a nonprofit corporation." It is clear, therefore, that the conduct complained of by plaintiffs herein constitutes "corporate action" within the meaning of the statute.

The remedy provided by the act has been held to be a "statutory remedy" for the purpose of determining jurisdiction pursuant to section 104 of the act: In re: Butler County Memorial Hospital, 27 Pa. Commonwealth Ct. 561, 368 A. 2d 849 (1976).

It appears to us that the purpose of the legislature in enacting the foregoing provisions was to afford a complete statutory remedy for attacks upon the validity of any contested corporate action by a nonprofit corporation. Although not necessary for the determination of this matter, it is our view that the statutory procedure set forth in section 7783 of the Nonprofit Corporation Law of 1972 is now the exclusive remedy for such attacks and preempts quo warranto proceedings in such cases.

---

1. "or" in original.

Since the existence of an adequate remedy provided by statute ousts equity jurisdiction, we have no choice but to dismiss plaintiffs' complaint without prejudice to plaintiffs' right to institute appropriate proceedings under the act. The petition must be filed with the Orphans' Court pursuant to Pa.R.J.A. 2156(1), which provides as follows,

"In addition to other matters which by law are to be heard and determined by the orphans' court division of a court of common pleas, the division shall hear and determine the following matters:

"(1) Nonprofit corporations: The administration and proper application of property committed to charitable purposes held or controlled by any domestic or foreign nonprofit corporation and all matters arising under Title 15 of the Pennsylvania Consolidated Statutes (relating to corporations and unincorporated associations) or otherwise where is drawn in question the application, interpretation or enforcement of any law regulating the affairs of nonprofit corporations holding or controlling any property committed to charitable purposes, or of the members, security holders, directors, officers, employees or agents thereof, as such."

Having determined this matter on jurisdictional grounds, it becomes unnecessary for us to dispose of the other objections raised by defendants.

For the foregoing reasons, we enter the following

## ORDER

And now, December 12, 1978, upon consideration of defendants' preliminary objections to plaintiffs' complaint in equity, and it appearing that equity is without jurisdiction in this matter, it is

hereby ordered and decreed that plaintiffs' complaint be, and the same hereby is, dismissed without prejudice to plaintiffs' right to institute proceedings pursuant to the provisions of the Act of November 15, 1972, P.L. 1063, 15 Pa.C.S.A. §7783, and Pa.R.J.A. 2156(1).